### Seneca H. Thresher, Executor, Appeal from Probate.

Second Judicial District, Norwich, May Term, 1901.
Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

A testatrix gave her son the income of a trust fund during his life, and directed that upon his decease without issue the fund should go to certain charitable corporations. The will also provided how the fund should go in case the son died leaving issue ; but as he died childless this clause, which was claimed to be in violation of the then existing statute of perpetuities (General Statutes, § 2952), never took effect. *Held :—*

1. That in referring to her son's death the testatrix meant his death after the gift to him for life had vested, and not to his death during her own lifetime.

2. That even if the clause providing for the remote issue of the son was in violation of the statute of perpetuities as claimed, it never became effective and therefore could not defeat the operation of the bequest to the charitable corporations, which was clearly valid.

Argued May 28th—decided July 23d, 1901.

APPEAL from an order of distribution made by the Court of Probate for the District of Norwich, taken to the Superior Court in New London County, and tried to the court, *Shumway, J.;* facts found and judgment rendered confirming the action of the Court of Probate, and appeal by the original appellant for alleged errors in the rulings of the court. *No error.*

The will of Jane G. Thomas is in substance this: A be-

quest for the benefit of her husband, which lapsed by his prior death. An absolute gift of a specified savings-bank deposit to "my son Edward H. Thomas." The devise of "all the rest and residue of my estate" to George D. Coit, in trust: 1. To manage the same and collect the interest and income thereof as it becomes due. 2 To pay over the income and interest as soon as collected to my son Edward H. Thomas, during his natural life. 3. "At the decease of my said son, if he shall leave lawful issue," to use said income "for the support and education of said issue, until such issue shall arrive respectively at twenty-one years of age, when the share of each one (which is to be an equal share) shall be paid over and transferred to him or her, and if any of said issue shall die before my said son, and leave a child or children born in wedlock, said child or children shall take what the parent would have taken if alive at the decease of my son." After making provision for the use of the principal of the trust fund for the benefit of the son in case the income should become reduced or he should be sick, the will provided: 4. "If my said son shall die without issue I direct said trustee or his successor to place in some Savings Bank the sum of one thousand dollars, if so much be left, to be kept as a perpetual fund, the income to be paid to the 'Ladies' Home Missionary Sewing Society,' connected with the 2nd Congregational Society of said Norwich, (said income to be used in providing goods to be made up for boxes sent by said Missionary Sewing Society yearly to the Home Missionaries). The rest and residue of my said property (if rest and residue there be) my said trustee is hereby directed to pay over and transfer to the 'American Home Missionary Society,' formed in the City of New York in the year 1826, to be applied to the charitable uses and purposes of said society under the direction of the officers thereof."

Her husband was made executor. The will is dated April 2d, 1881.

The following facts are found by the trial court: Mrs. Thomas died August 15th, 1893, of advanced age. Her son Edward, mentioned in the will, was her only child.

He died at forty years of age, within eight months after
the death of his mother, leaving no child, never having
been married; and leaving a will in which S. H. Thresher,
the appellant, was named as executor.    Stephen B. Meech
was appointed administrator with the will annexed of the
estate of Mrs. Thomas.    His administration account was
filed October 19th, 1898, showing a balance on hand for dis-
tribution of $36,722.56.    George D. Coit, the trustee named
in the will, refused to qualify, and the Court of Probate ap-
pointed   the   Second   Congregational   Society   of   Norwich,
being a duly incorporated ecclesiastical association, to be his
successor as trustee of the sum of $1,000 to be deposited in a
savings-bank, as directed in the will; and said society duly
qualified as such trustee.    The court did not appoint a suc-
cessor to said Coit as trustee to receive and pay over the
residue of the estate to the " American Home Missionary So-
ciety."    The said ecclesiastical society is the owner and has
control of the church edifice in said Norwich known as the
Second  Congregational  Church,  of  which  church  the  said
Jane G. Thomas was a member and a pew-holder for over
thirty years.    The said church is the religious organization
connected with said society, the latter holding property for
the purpose of maintaining public worship in said church and
the promotion of church and charitable work in connection
therewith.    Ever since December 2d, 1870, there has existed
a missionary society in connection with said church and
ecclesiastical society, organized under the name of " The La-
dies' Home Missionary Society of the Second Congregational
Church," of which society regular books have been kept,
frequent meetings held and officers elected.    The work of
this missionary society consists in preparing and sending
charitable gifts, boxes of clothing, bedding and other articles
of necessity, to needy clergymen engaged in preaching the
gospel and other home missionary work, usually, although
not of necessity, residing in the western States.    Said mis-
sionary society determines the objects of its charity by select-
ing one or more whom it wishes to assist from a large num-
ber of names sent to it and recommended by a charitable so-

ciety in New York City. Said missionary society is the only society doing work of this kind connected with said church and ecclesiastical society, and was commonly spoken of and known as "The Sewing Society" or "Missionary Society," by its members and those contributing to it or attending its meetings. The testatrix often worked with the members of said missionary society in preparing said boxes, and was a contributor to its funds and much interested in its work. The American Home Missionary society was formed in the city of New York in the year 1826, for the purpose of establishing and aiding missionary churches in the western part of the United States. Thereafter it was incorporated by the legislature of the State of New York under the name American Home Missionary Society, and under said name existed at the date of the testatrix's death. Subsequent to her death, and in the year ———, its name was changed by the legislature of the State of New York to the name Congregational Home Missionary Society of New York, under which name said corporation now exists, its purpose and business being that for which it was originally organized.

The Court of Probate made the following order for the distribution of Mrs. Thomas' estate in the hands of the administrator: "That the said Stephen B. Meech, administrator as aforesaid, pay over and deliver to 'The Second Congregational Society in Norwich' of said Norwich, as trustee, the sum of one thousand dollars, to be deposited in a savings-bank as directed in the will of said deceased, and the income thereof paid to the Ladies' Home Missionary Sewing Society connected with said 'The Second Congregational Society in Norwich'; and it is further ordered. that said Stephen B. Meech, administrator as aforesaid, pay over and deliver the rest and residue of said estate to the Congregational Home Missionary Society of New York."

From that order an appeal was taken to the Superior Court by S. H. Thresher, executor of the will of said Edward H. Thomas. The reasons of appeal filed in the Superior Court set forth certain grounds for claiming the invalidity of the will, especially as obnoxious to the statute of perpetuities;

the invalidity of the two bequests referred to in the order of distribution, and the invalidity of the order as passed.

The Superior Court rendered judgment affirming the order of the Court of Probate.

The appeal from that judgment to this court assigns various errors, all of which rest upon the failure of the Superior Court to sustain the following claims made by the appellant: 1. The words "lawful issue" as used in the third provision of the trust, do not mean "children," and do mean "descendants of every generation." 2. If said words can be held to mean "children," then the direction in the same provision of the trust, that the testatrix's great-grandchildren whose parent may die during the life of her son Edward shall take what the parent so dying would have taken in case of survivorship, is obnoxious to the statute of perpetuities. 3. The words "if my son shall die without issue" in the fourth provision of the trust, refer to his death during the life of the testatrix. 4. The gift in trust for the Ladies' Home Missionary Society, etc., is void, because a beneficiary is not legally designated, and the object of the charity is not expressed with sufficient certainty. 5. The gift to the "American Home Missionary Society formed in the City of New York in 1826," cannot be taken by the "Congregational Home Missionary Society of New York;" and in any event the order of the Court of Probate is void, because it directs a payment to the legatee without appointing a trustee for the purpose of receiving the gift from the administrator and paying it over to the legatee. 6. The order directing the payment of $1,000 to the Second Congregational Society of Norwich, is void, because it does not define the objects of the trust.

*Seneca S. Thresher*, for the appellant.

*Arthur L. Shipman*, with whom was *Wallace S. Allis*, for the appellees.

HAMERSLEY, J. The testatrix, in disposing of the resi-

Thresher's Appeal.

due of her estate, gives to her son during his life the benefi-
cial interest in the income and, in case of necessity, in the
principal of that residue, and provides for the disposition at
his death of the remainder in view of the happening of one
of two inconsistent contingencies: (1) "if at his death he
shall leave lawful issue," and (2) "if he shall die without
issue." In each case the testatrix unmistakably refers to
the death of her son after the gift to him for life has vested.

The appellant claims that the disposition made of the re-
mainder, which is dependent on the happening of the first
named contingency, is obnoxious to the statute of perpetui-
ties in force at the time the testatrix died, and is therefore
void. If we assume, without passing on its correctness, that
this claim can be sustained, we fail to see how sustaining it
affects the real question before us.

The first contingency has become impossible by the happen-
ing of the second, for one could not happen without the other
becoming impossible. There can be no question of the valid-
ity of a bequest of the remainder to these appellees, in case
the life tenant dies without issue; and its operation cannot
be defeated by the fact that the will also contains a bequest
of the remainder to others, in case the life tenant dies leav-
ing issue, whether such other bequest be a valid one or not.
It is the happening of the alternative contingency, and not
the character of the alternative bequest, that can affect the
gifts made to these appellees. These considerations dispose
of all the errors based on the first three claims made by the
appellant.

In view of the facts found by the trial court, there is really
no foundation for the other three claims. They are not seri-
ously pressed by the appellant in his brief, and, we think, do
not call for comment.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.