## AUSTIN B. BLAKEMAN ET AL., TRUSTEES, *vs.* SARAH L. SEARS ET AL.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

After disposing of the income of his estate for the benefit of his wife and children, the testator directed that the principal should be held in trust until the death of the last survivor of his wife and children, when it was to be distributed among his grandchildren then living, in equal shares. A codicil, which in other respects expressly confirmed the will, directed that in lieu of such distribution the principal should be divided into three equal shares, one of which was given to "the heirs or legal representatives" of each of his three children. In a suit to construe the will it was *held :* —

1. That the disposition of the corpus of the estate, as made in the will, was revoked by the codicil.
2. That the words "heirs or legal representatives" were used in their natural and proper sense, to describe those who, at the death of the last survivor of his wife and children, should then be capable of inheriting from either child, or of taking the property of either under the statute of distributions; and therefore the codicil was in violation of the statute against perpetuities (General Statutes, § 2952, since repealed) which was in force at the testator's death, and the principal or corpus of his property was intestate estate.

Argued January 21st—decided March 5th, 1902.

ACTION to determine the validity and construction of the will of John Griffin of Newtown, deceased, brought to the Superior Court in Fairfield County and reserved by that court, *Robinson, J.*, upon a finding of facts, for the consideration and advice of this court.

The material parts of the will are in substance these: George Griffin and Bruce N. Griffin, sons of the testator, are made executors and trustees under the will. After the payment of debts, charges and expenses, the will provides that the whole estate, real and personal, "*except the income thereof,* shall remain undivided until after the decease of my wife and her mother, and all of three children, George, Bruce N., and Sarah, unless some of my said children should come to want, and the income alone be insufficient to afford necessary

support," and that said estate be held in trust by the executors and trustees, who are directed to provide, out of the income, for the payment of taxes and necessary repairs, for the comfortable support of the widow of the testator, and of her mother, during the lives of each, for the payment of the funeral expenses of the mother, and for the erection of a suitable headstone at her grave. The will then provides that "at the end of each and every year until the death of *all* my said children the balance of said income shall be divided equally among said George, Bruce N., and Sarah, and the survivors of them, but in case any of them shall die, leaving children, then such children shall take the parent's share of said income until George, Bruce N., and Sarah, are all dead," with a proviso that in case any of his children should come to want and his or her share of the income should be insufficient for his or her support, "then, in that case, the estate may be divided and the deficiency made up by the trustees from the share of the person in need, so that the income to the survivors may not be reduced by the division."

The will then provides as follows : "I give, devise and bequeath all my estate, real and personal, held in trust as aforesaid to my grandchildren, share and share alike, so that the same upon the decease of my wife and her mother, and all my children, shall be distributed among said grandchildren into as many shares as there be grandchildren at the time of the distribution, each grandchild to have one share, or his or her representative, as the case may be, if any of such grandchildren should be dead, leaving children." The will is dated May 29th, 1877.

The material parts of the codicil are these : "This codicil shall be taken as part and parcel of said last will modified and altered as hereinafter written.

"In said will it is ordered, that in the final distribution of all my estate, real and personal, the same shall be divided to and among all my grandchildren into as many shares as there shall be grandchildren at the time of the distribution. Now, instead of distributing as aforesaid, my will is, that the same be divided, and set off into three full shares, viz. :

" To the heirs or legal representatives of my son George, one full share, to them and their heirs forever. To the heirs or legal representatives of my son, Bruce N., one full share, to them and their heirs forever. To the heirs or legal representatives of my daughter Sarah, one full share, to them and their heirs forever. The whole to be distributed into three full parts, instead of dividing the same into as many parts as there are grandchildren. My said will is hereby ratified and confirmed, and is to be strictly carried out in all respects, except so far as relates to the final distribution." The codicil is dated August 9th, 1881.

The material facts found are in substance these : The testator died in June, 1893, and his sons George and Bruce N. were duly appointed as his executors and trustees. George died in May, 1901, and Austin B. Blakeman is his successor as trustee under the will. The amount of the estate in the hands of the trustee is $25,562.23. George Griffin, Bruce N. Griffin and Sarah L. Sears are the only children of the testator. George died unmarried and without issue, leaving a will disposing of all his property, and Austin B. Blakeman is his executor. His heirs-at-law are his brother Bruce, and his sister Mrs. Sears. Julia A. Griffin, the wife of the testator is living, but her mother is dead. There are only two grandchildren of the testator, namely, Clarence Griffin, only child of Bruce N. Griffin, and Clarence Sears, only child of Sarah L. Sears.

The questions propounded in the complaint are these: 1. Whether the gift in the will to the grandchildren is revoked by the codicil. 2. Whether the words " heirs or legal representatives " of the sons and daughter of the testator, as used in the codicil, mean grandchildren, or issue of said sons and daughter in any degree, or the general heirs-at-law of said sons and daughter. 3. Whether the gift in the will as modified by the codicil is void as conflicting with the statute against perpetuities. 4. What effect, if any, did the death of George Griffin have upon the share given to his heirs or legal representatives, and is said share intestate estate of the testator.

*Edward A. Harriman,* for Clarence C. Griffin.

*Frank S. Bishop,* for Sarah L. and Clarence M. Sears.

*William A. Redden,* for Austin B. Blakeman, executor.

TORRANCE, C. J.    The testator in his will provided that
the corpus of his estate should be held in trust during the
lives of his three children, his wife, and her mother, and that
upon the death of the survivor of these persons it should
then go in equal shares to such of his grandchildren as should
then be living.

This disposition of the corpus of his estate thus made in
the will he radically changed in the codicil.    There he di-
rects that, at the time specified in the will when the trust is
to end, the corpus of his estate shall be divided into three
equal parts, and that these parts shall go " to the heirs or
legal representatives " of his three children.    This last dis-
position he says is to stand in place of the one made in the
will, and he ratifies and confirms his will " except so far as
it relates to the final distribution."    That part of the will—
the disposition of the corpus—he expressly says is not con-
firmed nôr ratified.    He says, in effect, every other part of
my will is to stand save that, and this is in effect a revoca-
tion of the part so treated.    Reading the will and codicil
together, we think the codicil absolutely revokes the disposi-
tion of the corpus of the estate made in the will, and puts
in its place, as the testator's final and only disposition of the
corpus, the one made in the codicil.

The next question is whether the disposition of the corpus
of the estate made in the codicil is a valid disposition under
the so-called statutes against perpetuities ; and the answer
to this question depends upon the answer to be given to the
question, what do the words " heirs or legal representatives"
of the testator's children, as used in the codicil, mean ?

The provisions of our statutes in relation to perpetuities
(found in General Statutes, §§ 537 and 2952) were repealed
by Chap. 249 of the Public Acts of 1895, but as the will and

codicil in question took effect before that time, their provisions are governed by the law as it stood before such repeal. The disposition in the codicil is " to the heirs or legal representatives" of the testator's children. We think the words "heirs" and "legal representatives," as here used, mean the same thing. They describe the persons who are to take the corpus of the estate at the time of distribution, namely, at the death of the last survivor of the beneficiaries under the trust. They are used in their natural and proper sense as including all those persons who, at that time, shall be capable of inheriting from either of his children named, or of taking the property of either of such children under the statute of distributions. This being so, the disposition of the corpus of the estate made in the codicil is void and of no effect. *Tingier* v. *Chamberlin,* 71 Conn. 466. The consequence is that the testator has failed to make any disposition of the corpus of his estate and that it is part of his intestate estate, to be disposed of as such at the termination of the trust provided for in the will.

In this view of the case it becomes unnecessary to answer categorically the questions propounded in the complaint.

The Superior Court is advised (1) that the disposition of the corpus of the estate of the testator made in the will was revoked by the codicil; (2) that the disposition of it made in the codicil is void ; (3) that it is intestate estate of John Griffin subject to the trust provided for in his will.

No costs to be taxed in this court.

In this opinion the other judges concurred.