WILLIS E. MILLER, EXECUTOR, *vs.* JOHN T. METCALF ET AL.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A testator, whose entire estate consisted of a majority of the shares of stock of a manufacturing corporation, gave it all by his will to his wife for her life, and at her decease legacies of $5,000 in fee were given to each of the nephews and nieces of his wife who, or whose "legal representatives," should be living at her death; provided however, that no such legacy should be directly or indirectly withdrawn from said corporation or its business until the stockholders representing a majority of its stock should vote that it could be done without detriment or injury. The rest and residue of the estate was given in fee to the testator's heirs at law. His wife having died before him, the testator made a codicil, dated May 9th, 1900, in which he directed that his interests in the business of the corporation should not be divided for ten years from that date, but that the income thereon should be divided among " my legal heirs." In a suit to determine the construction of the instrument it was *held :*—

1. That it was not necessary to pass upon the scope and effect of the proviso in the will, since the codicil substituted for it another and different disposition of the property.

2. That the words " my legal heirs " in the codicil, excluded the next of kin or legal heirs of the testator's wife.
3. That the shares of stock were to remain intact in the corporation as the estate of the testator until the expiration of the ten-year period.
4. That the income accruing during that period belonged to the testator's heirs at law.
5. That at the end of said period the legacies to the wife's relatives became payable, and the residue of the estate distributable to the testator's legal heirs.
6. That by the expression " legal representatives," as used in connection with the legacies to the wife's nephews and nieces, the testator meant children or lineal descendants.

Two of the wife's nieces survived her but died before the testator, one, *B*, leaving children, and the other, *S*, childless. *Held* that *B's* children took the legacy given to her, while the legacy to *S* lapsed.

Argued June 14th—decided August 12th, 1904.

ACTION to determine the validity and construction of the will of Edwin Marble of New Haven, deceased, brought to and reserved by the Superior Court in New Haven County, *Ralph Wheeler*, *J.*, upon the facts stated in the complaint, for the advice of this court.

*Erroll M. Augur*, for the plaintiff.

*George D. Watrous* and *Henry H. Townshend*, for John T. Metcalf *et al.*

*Henry Stoddard*, for Mary Elizabeth Day *et al.*

*James H. Webb*, for Caroline M. Harris *et al.*

TORRANCE, C. J.  The testator died in May, 1903.  His entire estate then consisted of certain shares of the capital stock of a corporation located in New Haven, called The Henry Hooker and Company, and the sum of about $1,300 due to him from said corporation.  The capital stock of said company was divided into 8,000 shares, and the testator owned 5,875 of said shares, which were inventoried at the

value of $146,875. His will was executed in September, 1893, and in it he appointed his wife to be his sole executrix and trustee. The will is divided into three main clauses. In the first he provides merely for the payment of his debts. In the second he gives to his wife his entire estate for her life, in trust for certain purposes, one of which was that she should have for life an assured income of $5,000 per annum. About these two clauses no questions arise in this case.

Julia E. Marble, the wife of the testator, died in September, 1899, and after this event the testator, in May, 1900, made a codicil to his will. It is mainly with reference to the third clause of the will and to the codicil that the advice of this court is asked. That clause reads as follows : " *Third.* At and upon the death of my said wife I do hereby give, bequeath, and devise all of my goods, property, and estate as follows, to wit: I do give, bequeath, and devise the sum of five thousand dollars ($5,000) to John T. Metcalf, of the city of Brooklyn, New York, and to his heirs and assigns forever, and also the sum of five thousand dollars to each of the nieces and nephews of my said wife who shall be living or whose legal representatives shall be living at the time of the death of my said wife, and to their heirs and assigns forever, provided, however, that no part of any of said bequests shall be either directly or indirectly drawn out of or taken from said corporation or the business thereof until the stockholders of said corporation representing a majority of the stock thereof shall vote that the same can be done without detriment or injury to the said corporation and its business ; and I also will that if at any time before the death of my said wife a majority of the shares of stock of said corporation shall be legally cast in favor of the whole or a part of said legacies being paid, and if my said wife shall also consent to the payment of the same, then so much of said legacies may be paid during the lifetime of my said wife as by such majority vote of stock shall be decided can be paid without detriment or injury to the said corporation and its business, it being my will that such votes can be passed by a majority of the shares of the capital stock of said corporation, irrespec-

tive of the number of stockholders by whom said majority of stock is held; and all the rest and residue and remainder of my goods, property, and estate of every name and nature I do give, bequeath, and devise to my heirs at law, and their legal representatives, and their heirs and assigns forever."

The codicil is as follows :—

"New Haven, Conn., May 9th, 1900.

" I hereby direct that my interests in the business of Henry Hooker and Company shall not be divided for ten years from this date, but the income from my estate shall be divided among my legal heirs.

" In witness whereof I do appoint Willis E. Miller as executor of this my last will and testament, without bonds."

"New Haven, Conn., May 15th, 1900.

" The above writing of May 9th, 1900, I declare and intend as a codicil to my last will of September 13th, 1893, which will I republish and confirm, except as to above codicil."

The provisions of the will and codicil are somewhat peculiar, but we think the purpose and intent of the testator in making them is tolerably clear. In the will as it was made in 1893 the testator evidently intended to provide an assured income for his wife for life; to give certain legacies to certain relatives of hers; to give the residue of his estate to his own heirs at law; and to have all this done without prejudice or detriment to the business of the corporation in which he had a controlling interest and in the stock of which substantially all his estate was invested. To carry out these purposes he practically gives to his wife during her lifetime the control of said corporation, and gives the legacies to his wife's relatives with this proviso : " that no part of any of said bequests shall be either directly or indirectly drawn out or taken from said corporation or the business thereof until the stockholders of said corporation representing a majority of the stock thereof shall vote that the same can be done without

detriment or injury to the said corporation or its business."
The scope and effect of this proviso, and of the provision of
a similar character immediately following it, need not be
considered, for we think the codicil substitutes in place of
both another and different provision. In the codicil the
testator makes certain important changes in the will as orig-
inally drawn ; changes prompted, if not necessitated, by
the death of his wife. He provides that his corporate stock
shall remain intact in the business of the corporation for a
fixed period of time, and that the income derived therefrom,
after his death to the end of said fixed period, shall go to his
own legal heirs. We think it too clear for dispute that the
words " my legal heirs," in the codicil, mean the next of kin
and legal heirs of the testator, and do not include the next of
kin or legal heirs of his wife. Reading the will and codicil to-
gether we think they provide, in effect, as follows : that the
corporate stock shall remain intact in the corporation as the
estate of the testator, after his death to the end of the period
named in the codicil; that the income derived therefrom
after the death of the testator shall belong to the legal heirs
of the testater; that after the death of the testator, and at
the end of said period, the legacies to the wife's relatives
shall be paid; and that after such payment the residue shall
be distributed to the heirs at law of the testator.

Upon this part of the case we answer certain questions
propounded in the complaint as follows : the executor is re-
quired to keep the estate open until the end of the period
named in the codicil; he is not authorized to sell any of
said stock to pay any part of said legacies at present, nor to
vote upon said stock in favor of so doing; the legacies to
the relatives of the wife are not due and payable until the
end of the period aforesaid; and such legacies carry no
interest until they thus become due and payable. The
opinion thus far sufficiently answers the questions in the
complaint numbered from one to six inclusive.

The remaining three questions relate wholly to the lega-
cies given to the relatives of the wife of the testator. The
will gives the sum of $5,000 to each of her nephews and

nieces, "who shall be living or whose legal representatives shall be living at the time" of her death. A question is made as to the meaning of the words "legal representatives" as here used. We think they mean children or lineal descendants. *Staples* v. *Lewis*, 71 Conn. 288.

Anna M. Bryce and Ella M. Southwick, nieces of the wife of the testator, survived her, but both died before the testator. Mrs. Bryce left three children who are parties to this suit, while Mrs. Southwick died without leaving any lineal descendants. Whether one or both of the legacies to these persons lapsed is made a question in the case. We think that the three children of Mrs. Bryce take the legacy to which she would have been entitled had she outlived the testator; and that the legacy to Ella M. Southwick lapsed.

James B. Metcalf, a nephew of Mrs. Marble, died before her, leaving a widow and two children, who are parties to this suit. Whether the children are entitled to a legacy under the will is made a question in the case, and we answer it in the affirmative. This disposes of all the questions propounded in the complaint.

The Superior Court is advised to render judgment in accordance with the construction given to the will and codicil of the testator in this opinion.

No costs to be taxed for either party.

In this opinion the other judges concurred.