R. CHARLES DICKERMAN ET AL. *vs.* DAVID R. ALLING, EXECUTOR, ET ALS.

* First Judicial District, Hartford, May Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A testator directed that one half of the residue of his estate should be distributed between his "legal heirs, and legal representatives according to the laws of distribution" of this State. *Held* that whatever the testator might have meant by the words "legal heirs" and "legal representatives," his intent to make the statute of distribution (§ 398) the rule for the division of this portion of his property was too clear for serious question; and that inasmuch as the statute excluded representatives among collaterals after the representatives of brothers and sisters, the children of deceased first cousins were not entitled to take the share of his estate which their respective parents would have taken had such parents survived the testator.

Where the intent of a testator is clearly indicated by the terms of his will, extrinsic evidence is inadmissible to vary or control its provisions.

Argued May 5th—decided June 14th, 1910.

* Transferred from third judicial district.

APPEAL from decrees of the Court of Probate for the district of New Haven ascertaining the distributees of the residue of the estate of George H. Alling of Orange, deceased, and ordering distribution accordingly, taken to and tried by the Superior Court in New Haven County, *Curtis, J.*, upon a demurrer to the reasons of appeal; the court sustained the demurrer and rendered judgment for the defendants, from which the plaintiffs appealed. *No error.*

*George D. Watrous* and *Harry G. Day*, for the appellants (plaintiffs).

*Livingston W. Cleaveland*, for the appellees (defendants).

RORABACK, J.  George H. Alling died testate and without issue. He left no parents, brothers or sisters, or their representatives, no grandparents or great-grandparents, and no uncles or aunts; but did leave a widow, four first cousins, and thirty-two descendants of first cousins. His will, dated November 13th, 1906, and admitted to probate in February, 1908, reads as follows: ".First. I give and bequeath to my beloved wife Esther Alling my house and lot estimated to be three acres of land situated in said town of Orange at the corner of Milford Turnpike and Campbell Avenue being the same where I now live, and also the lot adjoining in the rear estimated to contain two acres and called the small house lot. I also give to her two thousand (2,000) dollars in money, all my horses, wagons, carriages, sleighs and harnesses all farming tools, and utensils and all household furniture of every description including carpets and bedding to her and her heirs forever.

"Second. One half of the residue and remainder of my property both real and personal I give and bequeath

to my said wife Esther Alling to her and her heirs forever.

"Third. The remaining one half of my estate not heretofore given in this will to my wife I desire to be distributed among my legal heirs, and legal representatives according to the laws of distribution of the State of Connecticut."

The Court of Probate found that the appellants, being children of first cousins who died before the testator, were not entitled to share in the division of that portion of his estate referred to in the third paragraph of the will. The appellants claimed to be aggrieved and appealed to the Superior Court.

The reasons of appeal add nothing to the facts above indicated, except paragraph four, which reads: "The appellants stood in close and intimate relations with the testator, and were on much more friendly terms with him than were many of the first cousins to whom distribution was made by the order appealed from, and by the phrase 'legal representatives' the testator intended representatives of deceased first cousins."

The appellees demurred to the reasons of appeal, claiming that the construction made by the Court of Probate was correct; and that the facts alleged in paragraph four, above quoted, were inadmissible, because the third paragraph of the will was unambiguous; and, even if admissible, were not effective to vary the construction. The Superior Court sustained the demurrer, and on failure of the appellants to plead further rendered judgment for the appellees.

The important question raised by the appeal is whether or not the children of the deceased first cousins take the share which their parents would have taken had such parents survived the testator.

It is obvious from the face of the will that the testator intended that the one half of the residuum of his

estate, which is the subject-matter of the third article of the will, should pass to those who would be entitled to share it under the statute of distribution if it were intestate estate.

The term "legal representatives" has no precise, determinate meaning, and the sense in which it is intended to be used must, in each particular case, be ascertained from the context, the subject-matter and the relevant surrounding circumstances. *Staples* v. *Lewis,* 71 Conn. 288, 41 Atl. 815. The term "legal heirs," in legal strictness, signifies those who would inherit real estate. *Ruggles* v. *Randall,* 70 Conn. 44, 38 Atl. 885. It is also used to indicate those who would take under the statute of distribution. *Tingier* v. *Chamberlin,* 71 Conn. 466, 469, 42 Atl. 718. Apparently the testator added the term "legal representatives" to make it clear that he intended to include all of the latter class. But, whether or not that thought was in his mind, his intention to make the rule of division that of the statute of distribution is too clear to be seriously questioned.

The operation of § 398 of the General Statutes, under the circumstances of this case, would exclude the appellants from the class of distributees referred to in the will. It therefore follows that the court below properly found that Mr. Alling's "legal heirs" and "legal representatives" did not include children of first cousins whose death occurred before that of the testator.

Evidence that the appellants stood in closer and more intimate relation with the testator than the first cousins, would throw no light upon the construction of the will favorable to the appellants. Had Mr. Alling wished to make particular emphasis of his friendship for Mr. Dickerman and the other appellants he could have done so in no uncertain language. The fact that he failed to make special mention of any of his relatives, when

considered in connection with this claim of intimacy and friendship, tends to corroborate the claim of the appellees, that Mr. Alling intended by the terms of his will to have his estate divided in the manner provided by the statute of distribution.

There is no error.

In this opinion the other judges concurred.