WILLIAM H. ALLEN ET AL., TRUSTEES, *vs.* ANDREW B.
DAVIES, ADMINISTRATOR, ET AL.

Second Judicial District, Norwich, October Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The exercise of a power of appointment may not transcend the limits
of the provisions of the will which created that power.

The conclusions once reached as to the construction of a will by this
court must control in determining questions involved in such
conclusions; *semble,* that this is true even if the former opinion be
incorrect.

A devise to the "representatives" of a deceased person is against the
statute of perpetuities.

Where the valid provisions of a will which attempts to exercise a power
of appointment are separable from the invalid, the valid are to be
given effect if legally exercised; otherwise recourse must be had to
the will which created the power and its intent must be carried
out in dividing the estate.

Z made a will leaving his estate to his son T in trust (a) to use any part
of the income for his own benefit and (b) to pay over the income
remaining and the principal "to said children or the legal repre-
sentatives of any of them who shall have deceased" as said trustee
may determine. *Held:*—

1. That in *Johnson* v. *Childs,* 61 Conn. 66, involving the contingency
of a deceased child leaving issue, it was held that under the will of
T the respective share of each of his three deceased children vested
in the issue of such deceased child free from the trust; and although
this provision as to legal representatives would now be held within
the statute against perpetuities and without the power given T by
the will of Z, the decision of the court as to questions within that ad-
judication must be controlled by it.

2. That the present case, involving the contingency of a deceased child
without issue, was not within the former adjudication, and therefore
the devise to the legal representatives of his fourth child, M, in that
clause of the will of T, is within the statute, and an exercise of power
in excess of that given T by Z.

3. That as each of the four grandchildren of Z was entitled under his
will to a quarter interest in the trust fund, and as three quarters had
been distributed to three of the said grandchildren under the former
opinion, the remaining one quarter should now be distributed to
the estate of M, the fourth and last of said grandchildren, and thus

the wills of *Z* and *T* made consistent, and the grandchildren placed on an equal basis.

Argued October 18th, 1911—decided February 9th, 1912.

SUIT to determine the validity and construction of the wills of Zachariah Huntington and his son Thomas M. Huntington of Norwich, deceased, brought to and reserved by the Superior Court in New London County, *Ralph Wheeler, J.*, upon the facts alleged in the complaint and admitted in the answers thereto, for the advice of this court.

The contents of such portions of the said wills as were there and are here in question, and the facts pertinent to their construction as asked for in *Johnson* v. *Childs*, 61 Conn. 66, 23 Atl. 719, are found in the opinion in that case.

The trustees in office paid the income from certain real estate to Mary Elisabeth Childs, daughter of said Thomas M. Huntington, until her death in 1910, under this provision of the will of said Thomas M., viz.: "My daughter Mary shall have use and enjoy during her life the tract of land containing about forty acres situated in said Norwich with a dwelling house and other buildings thereon now occupied by me and the same at her decease shall be and belong to her children if any she should have surviving her and I hereby order and direct in case of her marriage that the estate both real and personal to which she may be entitled under this and my Father's will and which may belong to her at the time of such marriage shall be in due and proper form secured in trust for her sole and separate use and benefit and for the benefit of her children after her decease and with such limitations as she by her last will and testament may appoint."

The trustee, John M. Johnson, distributed, in accordance with said opinion, three fourths of the princi-

pal of said trust fund, except the real estate, the use of which went to Mary Elisabeth Childs, to the issue of the deceased sons of said Thomas M. Huntington, who, with Mrs. Childs, comprised all of the children of said Thomas, and these were all living at the decease of Zachariah.

The plaintiffs succeeded said Johnson as trustee, and have in their hands as trustees the proceeds of said real estate, sold by order of the Court of Probate, and the one quarter of the principal of said trust fund, the income of both having been appropriated to the use of Mrs. Childs to her death.

Mrs. Childs had one child, who died in 1907, unmarried, leaving no issue. She herself died, unmarried, leaving a will giving all her property to a grandnephew, the grandchild of her brother Henry B.

John M. Huntington, one of the four children of Thomas M., left two children, one of whom is a party; the other deceased, and his issue and executor are parties.

Henry B. Huntington, one of the four children of Thomas M., left six children. One died, and his issue and estate are parties; one has been unheard of over seven years, and his administrator is a party; one has been unheard of over seven years, and his issue and administrator are parties; three were born after the decease of Zachariah and Thomas M., and are parties.

George W. Huntington, one of the three children of Thomas M., left three children, two of whom left no issue, and their administrators are parties; the other, Thomas M. Huntington, 2d, is a party.

The administrators *de bonis non* with the wills annexed of the estates of said Zachariah and Thomas M. and John M., Henry B., and George W. Huntington are parties.

The trustees seek an adjudication of the following

questions: "(a) To whom and in what amounts shall the present trustees pay over said trust funds. (b) Whether the present trustees may in their discretion pay over said trust fund to the representatives of the children of said Thomas M. Huntington in such a manner, in such amounts and upon such terms and condition as they shall consider expedient and proper. (c) Whether the bequest to Thomas M. Huntington under the will of Zachariah Huntington is not an absolute bequest and said fund intestate estate to be distributed to the heirs at law of said Thomas M. Huntington. (d) Whether said fund is not intestate estate to be distributed to the heirs at law of said Zachariah Huntington. (e) Whether the will of Thomas M. Huntington is merely the execution of a power conferred by the will of his father Zachariah Huntington and the provisions of the will of said Zachariah Huntington are to govern the final disposition of said trust fund or whether such disposition is to be governed by the provisions of the will of said Thomas M. Huntington. (f) Whether Mary Elisabeth Childs could dispose of the principal of said trust fund by will. (g) Whether the principal of said fund does not vest in the descendants of said Thomas M. Huntington who were living at the time of the death of Mary Elisabeth Childs *per stirpes*. (h) Whether the proceeds from the sale of the real estate described in the complaint shall be subject to a different distribution than the personalty constituting the remaining one quarter of said trust fund, and if so, to whom and in what amounts shall such proceeds be distributed."

*Wallace S. Allis*, for the plaintiffs.

*Andrew B. Davies*, with whom were *Franklin Freeman* and *Merrill L. Welcker* of Massachusetts, for Davies, administrator, *et als.*

*Willis A. Briscoe,* for estates of Thomas Childs and Mary Elisabeth Childs.

*Amos A. Browning,* with whom were *Samuel E. Hoyt, David E. Fitzgerald* and *Walter J. Walsh,* for Mary H. Seaman *et als.*

WHEELER, J. The will of Zachariah Huntington gave to his son Thomas M. the legal title to the residue of his estate in trust for the use and benefit of his grandchildren, the children of Thomas M., subject to these provisions and limitations: (a) To sell, convey, and reinvest the trust estate and income therefrom at his discretion. (b) To use any part of the income for his own benefit as required. (c) To pay, transfer, and deliver said property, or any part thereof, and the income therefrom to said children or the legal representatives of any of them who shall have deceased, in such manner and upon such terms and conditions, and in equal or unequal proportions, as said trustee may determine. (d) To associate others with him in said trust, and by deed or will convey jointly with himself said estate to the trustees. (e) To order and appoint by will in what manner, and in what proportion, and upon what trust, if any, said estate, so held in trust as aforesaid, shall be divided to and among his said children or their legal representatives. By this will the legal title is vested in the trustee and the beneficial interest in the children of Thomas M. The power of appointment by Thomas could not transcend the limits of the provisions of Zachariah's will, for Thomas takes from him and acts in his stead in administering his bounty. *Bartlett* v. *Sears,* 81 Conn. 34, 42, 70 Atl. 33.

When these wills were before the court in *Johnson* v. *Childs,* 61 Conn. 66, 23 Atl. 719, three of the children of Thomas had predeceased the testator Thomas, leav-

ing children, and the court held that under the will of Thomas the respective share of each deceased child of Thomas, being a one-quarter part of the principal of the trust estate, vested in the issue of such deceased child free from the trust.

So far as the matters then adjudicated control questions now raised, our decision must be governed by that adjudication, and the conclusions embraced in or underlying that opinion must be accepted by us as fixing the law of those instruments in passing upon questions not then raised, to the end that we may deal with the parties upon an equal basis, and make the wills consistent in operation throughout. *Farnam* v. *Farnam*, 83 Conn. 369, 374, 77 Atl. 70.

Were we now passing upon the construction to be given the language of Thomas' will, as interpreted in *Johnson* v. *Childs*, 61 Conn. 66, 23 Atl. 719—"and in case either of my said children shall die whilst said property shall be held in trust as aforesaid his or her share shall be and belong to his or her children or their legal representatives if any such there be "—we should be obliged to hold, under our decisions, that "legal representatives" meant next of kin or heirs, and included more than immediate descendants, and hence the devise to the legal representatives was void because within the statute against perpetuities; and, further, as we shall have occasion to point out later, was an extension of the power given by the will of Zachariah beyond the valid terms of the donor's grant.

*Johnson* v. *Childs*, 61 Conn. 66, 23 Atl. 719, involved the contingency of a deceased child leaving issue. Our question involves another contingency, the death of a deceased child without issue. Such a contingency the testator attempted to provide for in a clause just succeeding that adjudicated in the former opinion, viz.: "and if any of my said children shall die without leaving

children his or her share in said trust fund shall be divided equally among his brothers and sister surviving and the representatives of any deceased child." The construction of this clause formed no part of the former adjudication, nor is any conclusion embraced in or underlying that opinion necessarily involved in the construction of this independent clause. By "representatives" we think the testator meant legal representatives, or heirs. *Miller* v. *Metcalf,* 77 Conn. 176, 181, 58 Atl. 743; *Curtiss' Appeal,* 77 Conn. 310, 59 Atl. 44; *Blakeman* v. *Sears,* 74 Conn. 516, 520, 51 Atl. 517; *Connecticut Trust & Safe Deposit Co.* v. *Hollister,* 74 Conn. 228, 231, 50 Atl. 750; *Greene* v. *Huntington,* 73 Conn. 106, 113, 46 Atl. 883. Since the representatives of a deceased child may include descendants of remote degree, such a devise is against the statute of perpetuities.

Since the three brothers of Mary predeceased her, the devise as made by the will of Thomas in the event of Mary dying without issue is ineffective. Moreover, the attempt by Thomas to distribute the fund to other than the children of Thomas was in excess of the legal power given him by the will of Zachariah. As we have seen, the power vested in Thomas by the will of Zachariah was to divide the estate among his said children and their legal representatives. The valid part of this power was the division among his children. The division among the legal representatives of his children was invalid.

As the valid is separable from the invalid provision, any legal exercise by Thomas of this valid power of appointment would control in the disposition of Zachariah's estate. *Bartlett* v. *Sears,* 81 Conn. 34, 41, 70 Atl. 33.

Since Thomas has not exercised his power of appointment in a valid way, we must have recourse to the will

of Zachariah to determine to whom this fund belongs. By that will each child of Thomas took a vested interest in the residue subject to be divested by the valid exercise by Thomas of his power of appointment. This devise is of the entire residue. There is no remainder over or devise to others of this trust estate. There is a .provision for permissive distribution of the trust property by Thomas among the grandchildren during their lives, and the income not appropriated goes into the principal of the trust fund. These and other provisions lead to the inference that the testator Zachariah intended to dispose of all the residue and to give it to his grandchildren equally, subject to the power of appointment given Thomas.

By the construction given the will of Thomas in *Johnson* v. *Childs*, 61 Conn. 66, 23 Atl. 719, three quarters of the trust fund, exclusive of the real estate held for the use of Mary, vested in the children of the three deceased children. Each of the four grandchildren of Zachariah was entitled to a quarter interest in this fund, and as three quarters have been distributed to the issue of three grandchildren the testator's intent— equality in the division of the fund among his grandchildren—cannot be attained unless the remaining one quarter is distributed to the estate of Mary.

The proceeds of the real estate, of which Mary has had the use, remains undistributed. As we have held, it vested at the death of Zachariah in the children of Thomas subject to the power of appointment in Thomas, who has failed to exercise it effectively. The intent of the testator will be carried out by dividing the proceeds of the real estate equally among the several estates of the four grandchildren.

The Superior Court is advised that (1) the trust fund in the hands of the plaintiff trustees, exclusive of the proceeds of said real estate, belongs to the estate of

Mary Elisabeth Childs and should be turned over to the executor of her will; (2) the trust fund, being the proceeds of said real estate held in trust for the use of said Mary Elisabeth Childs, belongs to the estates of said John M., Henry B., George W., and Mary Elisabeth Childs, and should be divided in equal parts and three parts turned over to the administrators *de bonis non* of the estates of said John M., Henry B., and George W., to be divided equally between said estates, and one part turned over to the executor of the will of said Mary Elisabeth Childs.

In this opinion the other judges concurred.