ROBERT H. NEWMAN, EXECUTOR, ET AL. *vs.* CHARLES
H. JENNINGS ET ALS.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

No precise and definite meaning attaches to the terms "representatives," "legal representatives," and "personal representatives." When used in a will, their meaning must be determined by the testator's intent as gathered from the language of the entire instrument read in the light of relevant circumstances.

Having provided for her husband during his life, a testatrix directed that what remained of her property upon his death should be divided in fee among the children of her two brothers, so that each child then living, or the "representatives" of any who might have died, should have an equal share thereof. *Held:*—

1. That if any interest in the property had vested in any person or persons prior to the decease of the husband, the life tenant, it then became divested in favor of the prescribed beneficiaries, who thereupon became entitled to the use and enjoyment of the property absolutely.

2. That by "representatives" of deceased nephews and nieces, the testatrix meant lineal descendants only, and therefore the surviving husband of a niece and the administrator of a nephew, each of whom predeceased the life tenant, took nothing under the will.

Argued June 8th—decided July 27th, 1916.

APPEAL by the plaintiffs from an order and decree of the Court of Probate for the district of Fairfield as-

certaining and determining the devisees and legatees under the will of Eliza H. Meeker of Fairfield, deceased, taken to and tried by the Superior Court in Fairfield County, *Webb, J.;* facts found and judgment rendered in favor of the defendants, sustaining the action of the Court of Probate, from which the plaintiffs appealed. *No error.*

Eliza H. Meeker, late of Fairfield, died October 9th, 1901, leaving both real and personal estate and a will which has been duly probated. By the will she gave all of her estate remaining after the payment of her just debts, funeral expenses and expenses of burial and monuments, which she termed "the rest and residue," to her brother Charles in trust, (1) to keep the same securely invested and with full power of sale, exchange and reinvestment, and of leasing the real estate with the consent of her husband, Wakeman B. Meeker; (2) to pay over to said husband the income, or to expend the same for his sole use and benefit at discretion; (3) to expend any portion of the principal necessary for the comfort and support of said husband in the discretion of the trustee; and (4) "to divide what shall remain of said rest and residue upon the decease of my said husband among the children of my said brother Charles Jennings and of my brother Joseph Frederick Jennings so that each of said children then living, or the representatives of any such child who may be deceased at that time, shall have an equal share of the same, to be theirs respectively forever."

Wakeman B. Meeker, the husband of the testatrix, survived until March 1st, 1915. Charles Jennings had six children, all of whom were alive at the death of the testatrix, and are now alive. Joseph Frederick Jennings had two children, both of whom were alive at the death of the testatrix, but died before Wakeman B. Meeker. One of these children, Willard W. Jennings,

died childless and intestate, but leaving a widow, who has remarried. The other child of Joseph Frederick, to wit, May L. Jennings, married Robert H. Newman, and died testate leaving no children. By her will she bequeathed all of her estate to her husband, who is the duly qualified executor thereof. He is also the duly appointed administrator of the estate of Willard W. Jennings. In the settlement of Mrs. Meeker's estate, the Court of Probate found and determined that the devisees and legatees under the fourth clause of the will consisted of the six children of Charles Jennings, and ordered the testatrix's estate to be divided equally among them.

*Carl Foster*, for the appellants (plaintiffs).

*John S. Pullman*, for the appellees (defendants William H. Jennings *el als.*).

*Robert E. DeForest* and *Jacob B. Klein*, for the appellee (defendant Charles H. Jennings).

PRENTICE, C. J.  It is clear that under the provisions of the fourth clause of the will in question, those persons and those alone are entitled to take in absolute ownership the rest and residue of the testatrix's estate therein disposed of, who satisfy her description of the beneficiaries of it. Whatever vesting in interest there may have been in any person or persons upon the testatrix's death, or thereafter, had become divested at the time of the death of her husband, the life tenant, in so far as inconsistent with the taking in possession and enjoyment as provided. *Allen* v. *Almy*, 87 Conn. 517, 523, 89 Atl. 205; *White* v. *Smith*, 87 Conn. 663, 672, 89 Atl. 272. That provision is that, following the husband's death, a division should be made among the children of her two brothers, Charles and Joseph, "so

that each of said children then living, or the representatives of any such child who may be deceased at that time, shall have an equal share of the same, to be theirs respectively forever." The six children of Charles are now living. They concededly are entitled to share in the division. The two children of Joseph predeceased the testatrix's husband, leaving no lineal descendants. The appellant Newman is the husband, sole legatee and executor of the will of one, and the administrator of the intestate estate of the other. The question presented for our consideration thus becomes, in effect, resolved into one as to whether or not the testatrix's gift in possession and enjoyment, expressed as above, includes or excludes the appellant Newman in either of the capacities in which he appears.

The answer to that question is to be found in the meaning which the testatrix intended to attach to the word "representatives," as used by her in directing the division upon her husband's death. The terms "representatives," "legal representatives," and "personal representatives," as used in connections like the present, have no precise and determinate meaning. The meaning to be attached to them in a given will is to be determined by the testator's intent in their use as gathered from the language of the entire instrument read in the light of relevant circumstances. *Staples* v. *Lewis*, 71 Conn. 288, 290, 41 Atl. 815; *Johnson* v. *Edmond*, 65 Conn. 492, 498, 33 Atl. 503; *Dickerman* v. *Alling*, 83 Conn. 342, 345, 76 Atl. 362.

An examination of this will discloses an intent upon the part of the testatrix to have her estate go to her kin represented by her nephews and nieces. It also appears that her scheme of distribution among them was one of strict equality. In the execution of this plan and purpose of equal distribution, it was natural that the testatrix, in contemplation of the possibility

that some one or more of the nephews and nieces might die before her husband, should provide a substitutionary gift in that event, and that such gift should take the form of one substituting the children or lineal descendants of the deceased for the deceased, thus enabling the stock of that nephew or niece to benefit by the will to the same extent that the deceased would have benefited if alive. Thus would the testatrix's estate be preserved to her kin and the fullest measure of equality be accomplished. The construction contended for by the appellants would lead to a diversion of a part of the testatrix's property to strangers to her blood and perhaps to her personally, and such a result was one to be readily anticipated by the testatrix if she used the word "representatives" in any other sense than as designating lineal descendants. It is scarcely probable that such a diversion was within her purpose. We are of the opinion that by representatives of the deceased nephews and nieces she meant lineal descendants, and that her will should be so construed. Such construction is not an uncommon one. *Connecticut Trust & Safe Deposit Co.* v. *Hollister*, 74 Conn. 228, 231, 50 Atl. 750; *Miller* v. *Metcalf*, 77 Conn. 176, 181, 58 Atl. 743. The right to share in the ultimate division in absolute ownership is thus confined to nephews and nieces who should be living at the decease of the testatrix's husband, and the lineal descendants of any who should have died leaving such descendants. Those nephews and nieces who were the children of the brother Joseph having died childless before the husband's demise, the estate is to be divided, as the Court of Probate ordered it to be divided, among the six children of Charles, all of whom are now surviving.

There is no error.

In this opinion the other judges concurred.