THE BROOKS BANK & TRUST COMPANY, TRUSTEE
(UNDER WILL OF SETH P. BEERS) *vs.* ELIZABETH
C. BEERS ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 3d—decided November 5th, 1935.

*Charles R. Covert,* for the defendants Heaton *et als.*

*Origen Storrs Seymour* and *John T. Robinson,* for
the defendant First Episcopal Society of Litchfield.

*Charles P. Roraback* appeared for the plaintiff.

MALTBIE, C. J.   Seth P. Beers died in 1863 a resident of Litchfield.   He left a will in which he gave the residue of his property to trustees who were to invest it and "from time to time to pay the rents, profits and income of said property in the following manner, viz: one third part thereof to my daughter Julia M. Beers during her natural life—One third thereof to my son Alfred H. Beers—and on their decease, to go to their respective children, or the legal representatives of their children if any, and if none, to go to the First Episcopal Society in Litchfield—the other third part thereof to be paid by the Trustees to the said First Episcopal Society for the equal use and benefit of the three Episcopal Churches in said Society."   After the death of Seth P. Beers certain of his heirs and next of kin threatened a contest over the admission of the will to probate but a settlement was reached, the Society voting to give up to two grandchildren of Seth P. Beers, children of a son who had died before him, the third part of the income to which it was immediately entitled, one-half to be paid to each during his or her life, then to revert to the Society.   Alfred H. Beers died in 1869 leaving no children or issue, but a widow who has long since deceased.   Julia M. Beers died in 1876, unmarried, leaving no children or issue. The two grandchildren died in 1926 and 1934, respectively.   Leaving out of account certain minor deviations not questioned, one-third of the income was paid to Alfred H. Beers until his death and since then to the Society; one-third was paid to Julia M. Beers until her death and since then to the Society; in accordance with the vote of the Society one-third was paid to the grandchildren until the death of one in 1926, thereafter one-sixth was paid to the Society and

one-sixth to the surviving grandchild, and since the latter's death the whole of this one-third has been paid to the Society. The plaintiff, successor to the trustees named in the will, brought this action alleging that certain doubts have arisen as to its proper construction and effect and seeking the advice of the court.

The questions propounded in the stipulation are: First, Is this action barred by laches, limitations, estoppel or probate decrees; second, Are the claims of the existing heirs at law or next of kin of the testator barred by laches, limitations, estoppel or by probate decrees; third, Does the trust violate in whole or in part either the Connecticut statute against perpetuities or the rule against perpetuities; fourth, Is the bequest of any portion of the rents, profits and income of the trust to the Society invalid as violating either the statute or rule; fifth, Is any part of the principal or income of the trust intestate property of the estate of Seth P. Beers; sixth, Is any portion of the bequest invalid because of indefiniteness; seventh, Who is entitled to the income and principal of the trust fund? It is not questioned that the Society is entitled to the one-third of the income immediately given to it. The claim of the children and representatives of the two grandchildren of Seth P. Beers is that the gifts of the other two-thirds which were to take effect upon the respective deaths of Julia M. Beers and Alfred H. Beers were void as being in violation of the statute of perpetuities in effect when the testator died, and hence that the property from which that income was directed to be paid is intestate estate of Seth P. Beers.

If the gifts to take effect on the deaths of Julia M. and Alfred H. Beers are void it must be because of the provision made for the "legal representatives" of their children. These words have no definite meaning as they are used in wills, but are interpreted in accord-

ance with the context and the discoverable intent of the particular testator the meaning of whose will is in question. *Staples* v. *Lewis,* 71 Conn. 288, 41 Atl. 815; *Dickerman* v. *Alling,* 83 Conn. 342, 345, 76 Atl. 362; *Newman* v. *Jennings,* 90 Conn. 685, 688, 98 Atl. 321. They may mean those entitled to take by inheritance; *Blakeman* v. *Sears,* 74 Conn. 516, 520, 51 Atl. 517; *Greene* v. *Huntington,* 73 Conn. 106, 114, 46 Atl. 883; *Allen* v. *Davis,* 85 Conn. 172, 178, 82 Atl. 189; or they may mean representatives of the estate of a deceased person, that is, his executors or administrators, and thus be in effect words of limitation, so that, if the person referred to should die, the property would become a part of his estate; *Johnson* v. *Edmond,* 65 Conn. 492, 498, 33 Atl. 503; again, they have been held to mean children or lineal descendants. *Staples* v. *Lewis,* supra; *Connecticut Trust & Safe Deposit Co.* v. *Hollister,* 74 Conn. 228, 231, 50 Atl. 750; *Miller* v. *Metcalf,* 77 Conn. 176, 181, 58 Atl. 743; *Newman* v. *Jennings,* 90 Conn. 685, 689, 98 Atl. 321. Other meanings may at times be attributed to them, but none of these is it reasonable to suppose that the testator could have intended.

If we assume that the testator used the words "legal representatives" with the first meaning we have referred to, those who might take by inheritance from the grandchildren, and if we also accept the contention of the parties now claiming adversely to the Society that this would make the gift over after the deaths of Julia M. and Alfred H. Beers void as in violation of the statute of perpetuities, that would not invalidate the alternative gift to the Society. *Comstock* v. *Bridgeport Trust Co.,* 106 Conn. 514, 518, 138 Atl. 440. If, on the other hand, we give to the words either of the other two meanings suggested the result is the same. While the stipulation of facts does not

in terms state that neither Julia M. Beers nor Alfred H. Beers ever had any children, that is its fair import and counsel in their brief make no suggestion to the contrary. As there were then no children of either of them, there could be no estates of such children to succeed to their rights, nor any lineal descendants. In this view of the case the exact contingency upon which the alternative remainder to the Society was made to depend occurred. That being so, whether or not the gift over to the children of Julia M. Beers and Alfred H. Beers or their legal representatives would have been valid, had there been such, is of no importance. *Newell* v. *Beecher,* 98 Conn. 263, 272, 119 Atl. 223; *Sumner* v. *Westcott,* 86 Conn. 217, 222, 84 Atl. 921; *Thresher's Appeal,* 74 Conn. 40, 45, 49 Atl. 861; *Johnson* v. *Edmond,* 65 Conn. 492, 500, 33 Atl. 503.

When Alfred H. Beers died the Society became entitled to the one-third share of which he had had the benefit, and when Julia M. Beers died it likewise became entitled to the one-third share of which she had had the benefit. The gifts to it were for a charitable purpose and are not open to the charge of being in violation of the statute against perpetuities. *City National Bank* v. *Bridgeport,* 109 Conn. 529, 544, 147 Atl. 181. There is no occasion to consider whether, if the Society were not in fact entitled to take the gifts, the trustee would be barred from prosecuting this suit or the claimants adverse to the Society would not be permitted to deprive it of the benefit of the gifts, because of the long lapse of time during which the trust has been administered upon the assumption that it was entitled to them, and the participation of the persons through whom the adverse parties claim in the settlement of the threatened controversy over the admission of the will to probate, and their

enjoyment of the benefits which have accrued to them by that settlement.

The first two questions propounded to us require no answer. To the third and fourth questions we answer that the gifts to the First Episcopal Society of Litchfield of the respective shares in the residue given to Julia M. Beers and Alfred H. Beers for their lives are in no way invalidated by the statute of perpetuities. To the fifth and sixth questions we answer "No." What we have said is sufficient answer to the seventh question as far as it relates to the income of the trust fund; in its statement of claims in the answer filed the Society does not contend that it is entitled to any part of the principal of the trust fund nor do we read its brief as asserting such a claim; and we do not therefore consider it.

No costs in this court will be taxed to either party.

In this opinion the other judges concurred.