EDWIN A. BUCK, ADMINISTRATOR, *vs.* GEORGE LINCOLN ET AL.

First Judicial District, Hartford, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

By his will, executed in 1875, a testator gave the use of certain real estate to his widow for life, and then to *E,* his son's wife, for her life. In the next sentence he provided that "in case" the son survived *E* he was to have the use of the property during his life, "and the balance or residue of said property after such users have terminated, I give, devise and bequeath to the heirs at law" of said son. In a suit to construe the will it was *held:* —

1. That the devise in remainder to the heirs of the son could not properly be regarded as contingent upon his surviving his wife, but must be construed as an independent and absolute gift as fully as if it had been the subject of a separate sentence.

2. That inasmuch as the son's "heirs" might be other than his "immediate issue or descendants," the devise in remainder was void under the then existing statute against perpetuities (Rev. 1875, p. 352, § 3).

Argued October 6th—decided December 18th, 1903.

ACTION to determine the construction of the will of Walter Ashley, deceased, brought to the Superior Court in Windham County, *Shumway, J.,* and reserved, upon an agreed statement of facts, for the advice of this court.

The will and codicil, after giving to the testator's widow the life use of all his estate, made these provisions: —

"I do give, devise, and bequeath to my daughter Sarah E.

Shew one half of all my property at the expiration of my wife's life estate in the same (except that portion which is situated in Willimantic village) to be her own estate and the estate of her heirs forever.

"I . . . give, devise, and bequeath to Ellen M. Ashley, wife of my son Charles R. Ashley, the use and improvement of all my real estate situated in Willimantic village and also of one half of all my other property real and personal where-soever situated. All my said property being subjected to the life use of Martha Ashley, my wife, by the provisions of this said will, and the use thereof to the said Ellen M. is to commence at the expiration of the said life use of my wife, and to continue during the natural life of the said Ellen M.

"In case the said Charles R. Ashley should survive the said Ellen, then the use of said property is to continue to be enjoyed by him during his natural life, and the balance or residue of said property after such users have terminated, I give, devise and bequeath to the heirs-at-law of the said Charles R. Ashley. I do also hereby authorize and empower the said Charles R. Ashley, acting as my executor, to sell or convey any part or the whole of the property, real or personal, named in the said will and this codicil as to him may seem for the best interests of said estate, and the avails of such sale or sales, if she be living at the time, and I do also confer like power and authority upon any person who may succeed the said Charles R. Ashley in said executor-ship."

The testator died in 1877, leaving as his sole heirs at law his two children above named. Shortly afterwards Sarah E. Shew, by a proper deed, conveyed to Charles R. Ashley, all her right, title, and interest in all the real estate left by the deceased. The testator's widow died in 1895. Charles R. Ashley died testate in July, 1900. His widow Ellen M. Ashley died a few days afterwards. There remains in the possession of the plaintiff as administrator of Walter Ashley, deceased, as undistributed estate, part of the real estate left by him in Willimantic, and this suit was brought to ascer-tain to whom it of right belonged.

*William A. King,* for the plaintiff.

*Lewis Sperry,* for George Lincoln et al.

*Charles E. Perkins* and *Huber Clark,* for Elizabeth D. Johnson et al.

BALDWIN, J. The devise in remainder to the heirs at law of Charles R. Ashley cannot properly be regarded as contingent upon his surviving his wife. The provision that it was to take effect in enjoyment only after all the " users " previously given (two of which had no connection with that contingency) had terminated, and the presumption that the testator intended to dispose of his entire estate, show that it should be construed as an independent and absolute gift as fully as if it had been the subject of a separate sentence.

This remainder took effect in right, if at all, on the death of the testator. It was created in favor of the heirs at law of a person then in being. As they could not be ascertained until the death of that person, and might be other than his children, it is settled by a long line of decisions that the devise was void under the then existing statute against perpetuities. *Tingier* v. *Chamberlin,* 71 Conn. 466, 469. This did not impair the validity of the several life estates in the Willimantic lands ; but the remainder limited after them being one that could not lawfully be created, the reversion in those lands, and in the residue of his real estate, became intestate estate of Walter Ashley upon his decease. As such the title passed to his two children in equal shares.

This result frustrated the main scheme of the will, which was to give, after his wife's decease, the Willimantic property and half the residue of his estate to his son, or those claiming under him. To divide the reversion as intestate estate would be to give to Mrs. Shew, besides her own testamentary share, half of that intended for her brother and his family.

Whether the doctrine applies that, where it is impossible to execute the main purpose of a will, by reason of the fail-

ure of a provision for one line of natural descent, and gross inequality would result were the provisions for other lines to be allowed to stand, all must fall together so as to let, the law work out, by the rules of inheritance and distribution, that equality which the will was designed but failed to secure (see *White* v. *Allen*, *post*, p. 185), there is no occasion to enquire, for whatever Mrs. Shew inherited, as well as all that she may have acquired by devise, she conveyed in fee simple to her brother. At the date of that conveyance, and before its execution, he and she together owned, either in reversion or remainder, or in both ways, all of the testator's lands. The deed therefore invested him with an absolute title to them, subject to the life estates. His will gave to his wife, in fee simple, all the real estate of which he should die seized and possessed, or to which he might be entitled at the time of his decease. These terms covered all the Willimantic lands.

For the reasons above stated, the Superior Court is advised that said lands passed to the widow of Charles R. Ashley under said devise, and upon her decease became part of her estate.

No costs will be taxed in this court in favor of or against any party.

In this opinion the other judges concurred.