JANE S. CODY, EXECUTRIX, *vs.* FRANK T. STAPLES, ADMINISTRATOR, ET ALS.

Third Judicial District, New Haven, June Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A testator who died in 1886, after giving the life use of all his residuary estate, which was wholly in land, to his wife, and a subsequent life use of Whiteacre, a part of the residue, to his daughter, declared that upon the death of both wife and daughter he gave Whiteacre

to his "son absolutely, *or* in case he should die before that time, to his legal heirs at law," to be distributed among them as if it were his intestate estate. The balance of the residuary estate, upon the death of the wife, was given to the daughter "absolutely, *and* in case she should die before her mother's decease," to the daughter's "heirs at law," to be divided among them as if it were her intestate estate. The daughter died in 1907, testate, and the widow and son survive. In a suit to construe the will it was *held:*—

1. That the gifts over, in case of nonsurvivorship, were not alternative but substitutionary; the word *or* in the devise to the son plainly having been used by the scrivener as equivalent to *and*, as shown by the employment of a like word for a similar purpose in the devise to the daughter.

2. That these attempted gifts over, to the "heirs at law" of the son and daughter, were void under the settled construction of the statute against perpetuities which was in force when the testator died; and being void, such clauses were to be treated, in determining the rights of the parties in interest, as if they had never been written.

3. That the devises to the son and daughter having been made "absolutely," and the conditional limitation or executory devise having no effect in reducing or qualifying such gifts, each child took, on the testator's death, a vested indefeasible estate in remainder in the property given to him or her.

In construing wills the law favors vested estates.

The law always prefers the first to the second taker in determining the subjects and extent of a testator's bounty.

The repeal of the statute of perpetuities in 1895 does not affect the construction of wills of persons then deceased, with respect to the estates which such wills purport to create.

Argued June 6th—decided June 12th, 1907.

ACTION for the construction of the will of John B. Cody of Bridgeport, brought to and reserved by the Superior Court in Fairfield County, *Reed, J.*, for the advice of this court.

*Arthur M. Marsh*, for Jane S. Cody, individually, and Staples, administrator.

*John J. Phelan*, for Henry J., William J., and Helena Cody.

BALDWIN, C. J. The testator died in 1886. His will,

after giving the life use of his residuary estate, which was wholly in land, to his wife, proceeded as follows :—

" Fourth. After the death of my said wife, subject to her life use thereof, as above given, I give, devise and bequeath to my daughter, Ada L. Cody, for and during her natural life, the use, income and improvement of my property on Main street, Bridgeport, Connecticut, known as the Teeple Block.

" Upon the death of both my said wife and daughter, I give and bequeath said Teeple Block to my son, Henry J. Cody, absolutely, or in case he should die before that time, to his legal heirs-at-law, to be distributed among them as if it were his intestate estate.

" Upon the death of my said wife, and subject to her life use therein, as above given, I give, devise and bequeath to my daughter, Ada L. Cody, the rest, remainder and residue of my property, (meaning everything of which I may die possessed or entitled excepting the wearing apparel, household furniture and the Teeple Block) to be hers absolutely, and in case she should die before her mother's decease, I give the same to her heirs-at-law, to be divided among them in the same manner as if it were her intestate estate."

The daughter has died, testate : the widow and Henry J. Cody survive. The latter was married, but without issue, when the testator died. He has since had two minor children, who are living.

Under the rule that, in construing a will, the law favors vested estates, the devise to Henry J. Cody must be read as if it had been phrased thus : Subject to the life estates above created in favor of my wife and daughter, I give and bequeath said Teeple Block to my son Henry J. Cody absolutely, or in case he should die before them or the survivor of them, to his legal heirs at law, to be distributed among them as if it were his intestate estate. *Johnson* v. *Edmond*, 65 Conn. 492, 499, 33 Atl. 503.

So read, it gave him, upon the testator's decease, a vested remainder in fee, unless it was cut down or rendered contingent or executory by the alternative provision for the

event of his not surviving his mother and sister. That the word *or* was used by the scrivener as the equivalent of *and* is plain from his employment of the latter word for a similar purpose in the residuary devise to Ada L. Cody. It cannot be presumed that the testator intended to discriminate between his children in this respect. The attempted limitation over, in case of his not surviving both his mother and sister, therefore is not an alternative, but a substitutionary gift. The law always prefers the first to the second taker in determining the subjects and extent of a testator's bounty. The testator did not devise to Henry J. Cody if he should be living at the death of his mother and sister, as in the will which was before us in *Ingersoll* v. *Ingersoll*, 77 Conn. 408, 59 Atl. 413. He devised to him "absolutely", and while he added a provision that, if he were not then living, it should go to others, the provision for the latter was an executory devise of a fee after a fee. The estate in fee which it was thus attempted to create in favor of Henry J. Cody's "legal heirs at law " was clearly void under the settled construction of the statute of perpetuities then in force. *Leake* v. *Watson*, 60 Conn. 498, 21 Atl. 1075. It is generally true that an executory devise or conditional limitation, after a particular estate in fee, if void, is to be treated, in determining the rights of the parties in interest, as if it were not written. It adds nothing and substracts nothing. The prior estate in fee, if given in absolute terms, as in the present case, is therefore an indefeasible one. *Brattle Square Church* v. *Grant*, 3 Gray (Mass.) 142, 156 ; Gray on Perpetuities (2d Ed.), §§ 247, 250.

For like reasons the residuary devise to Ada L. Cody invested her with a fee simple absolute.

The repeal of the statute of perpetuities in 1895 had no effect on the construction of wills of persons then deceased, with respect to the estates which such wills purported to create.

The Superior Court is advised (1) that Henry J. Cody took a vested remainder in fee in Teeple Block; (2) that

Jane S. Cody took a life estate in the residuary estate of the testator by his will, and under the will of Ada L. Cody acquired a fee simple in remainder in all said estate except Teeple Block; (3) that Ada L. Cody, at the time of her decease, owned said fee simple in remainder in all said residuary estate except Teeple Block; and (4) that no children of Henry J. Cody, born or to be born, took anything by the will of John B. Cody.

No costs will be taxed in this court.

In this opinion the other judges concurred.