FRANK C. SUMNER, EXECUTOR, *vs.* EDWIN WESTCOTT
ET ALS.

First Judicial District, Hartford, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A devise of a life estate is not affected by the invalidity of the subsequent gift over, where the latter is clearly an independent and separable matter.

A testatrix, who died in January, 1895, gave her real estate, after the termination of two successive life estates therein, to her four brothers and two sisters in equal shares, and directed that in case of the death of any one or more of them prior to the termination of the life estates, his or her share should go to his or her surviving child or children, and in default of such child or children, to the "issue" of such deceased brother or sister *per stirpes.* Upon a suit to construe the will it was *held:*—

1. That these provisions created alternative contingent remainders, or, as sometimes expressed, constituted a limitation with a triple aspect.

2. That the word "issue" as used by the testatrix obviously referred to descendants more remote than children, and to such only.

3. That while it was possible that any one of the three contingencies provided for by the testatrix might happen with respect to any one or all of the equal shares into which she contemplated her real estate would be divided, it was certain that but one of the three could happen.

4. That the gifts over in the first two alternative contingencies were valid, so that upon the occurrence of either of them the remainders would vest at once, and the subsequent or third alternative provision for remote "issue,"—which contravened the statute against perpetuities existing at the death of the testatrix—would be inoperative and therefore of no importance.

5. That if the third contingency should occur, the share so involved would be intestate estate of the testatrix.

6. That the invalidity in the disposition of one or more of the shares would not affect in any way the gift of the remaining shares, each being an independent subject-matter.

Submitted on briefs October 2d—decided November 1st, 1912.

SUIT to determine the validity and construction of the will of Harriet N. Sawyer of Hartford, deceased, brought to and reserved by the Superior Court in Hartford County, *Curtis, J.,* upon the facts alleged in the complaint, for the advice of this court.

Harriet N. Sawyer, late of Hartford, died January 26th, 1895, leaving both real and personal estate and a will containing the following clause:—

"Third. I direct that all my real estate, wherever situated, subject to any encumbrances thereon, be disposed of as follows: (1) I give, devise and bequeath the use and income of all said real estate to my said son Charles A. during his natural life. (2) Should Charles B. Baldwin, son of said Charles A., survive said Charles A. then I give and bequeath and devise to said Charles B. Baldwin the use and income of all of said real estate during the natural life of said Charles B. Baldwin from and after the death of said Charles A. (3) And upon the death of my said son and grandson I give and devise all of said real estate subject to said encumbrances in equal portions to my four brothers and two sisters, viz.: George Westcott, William Henry Westcott, Edwin Westcott, Almon Westcott, Lydia Blake, and Louisa Guernsey, share and share alike. Should any of my said brothers and sisters not be living

at the termination of the life estates in said real estate above mentioned, the children of any deceased brother or sister shall take by representation the parent's share, provided however, should any of my said brothers and sisters thus dying before the termination of said life estates leave no child living at the termination of said life estates, then and in that case said real estate shall be divided equally between said brothers and sisters then living and the issue then living of any deceased brother or sister, said issue to take the portion of the deceased parent per stirpes."

There is no general residuary clause.

Charles A. Baldwin was the son and sole heir at law of the testatrix. He has died intestate. Charles B. Baldwin is his son and the administrator of his estate. Of the six brothers and sisters of the testatrix named in the will, two now survive, one has died without issue, and three have died leaving children now living.

Differences have arisen as to the construction of said clause, and conflicting claims are made as to the rights of the parties in interest. The Superior Court is asked for advice in answer to the following questions:—

"1. Is the third paragraph of the third clause of said will providing for the disposition of said real estate after the death of the said Charles A. Baldwin and of the said Charles B. Baldwin, void, because of the statute against perpetuities in force at the death of said testatrix?

"2. In the event that said third paragraph of said third clause of said will be declared void, is the said Charles B. Baldwin nevertheless entitled to a life estate in said real estate?

"3. Did the said real estate pass absolutely to the said Charles A. Baldwin as intestate estate?

"4. Is the said Charles B. Baldwin entitled to a life estate in said real estate?"

*E. Henry Hyde,* for the plaintiff.

*Henry J. Marks,* for the defendant Charles B. Baldwin.

*Albert C. Bill* and *Joseph P. Tuttle,* for the defendant Charles B. Baldwin, administrator.

*Lewis D. Gross,* for Edwin Westcott and all the other defendants.

PRENTICE, J. The devise to Charles B. Baldwin of a life estate in succession to his father is valid. Any invalidity of the limitation over after his death, being an entirely independent and separable matter, would not defeat the preceding life estate devised to him. *Bartlett* v. *Sears,* 81 Conn. 34, 41, 70 Atl. 33; *Buck* v. *Lincoln,* 76 Conn. 149, 151, 56 Atl. 522; *Johnson* v. *Webber,* 65 Conn. 501, 512, 514, 33 Atl. 506; *Andrews* v. *Rice,* 53 Conn. 566, 573, 5 Atl. 823.

The limitation over, contained in division three of the clause under consideration, is not void as contravening the statute against perpetuities in force when the will took effect. Some portion of the estate thereby attempted to be given in remainder, and by possibility all of it, may, indeed, in the progress of events, fail of vesting. Whether or not such will prove to be the case can only be told upon the death of the life tenant, and will depend upon the family situation then disclosed. But neither the possibility that the testatrix's purpose and provisions in respect to some portion or portions of her estate coming under the purview of the third clause of her will may fail in certain contingencies, nor their actual failure as events may happen, operates, or will operate, to defeat the effectuation of her purpose and provisions in other contingencies, and thus defeat the entire limitation over.

This limitation over embraces a devise of shares of the remainder to the testatrix's six named brothers and sisters, should they then be alive to receive them. Should any of them be not then living, but have left children living, it is provided that the children should take the share which would have gone to the deceased parent had he or she survived. So far there is no disposition attempted which contravenes the statute. There follows, however, the further provision that, in the event that any of the brothers and sisters should have died without a child living at the termination of the life estates, the issue of such deceased brother or sister should take in lieu of the deceased. It is impossible to save this attempted disposition from the operation of the statute, unless it be by construing the word ";issue" as here used to mean immediate issue or children. But this construction is absolutely forbidden by the context. The gift to issue is expressly conditioned upon the contingency that there are no children. There is thus no escape from the conclusion that the testatrix had in contemplation issue of a more remote degree than children, and such issue only.

Certain of the parties seem to assume that the invalidity of this last attempted gift to "issue" invalidates the entire remainder disposition. Such, as we have already observed, is by no means the case. An analysis of the third clause discloses that the testatrix's scheme and provision for the disposition of the remainder after the death of the Baldwins contemplated that the property should at that time be divided into equal shares corresponding in number to the number of the testatrix's designated brothers and sisters who should then either be alive or, having died, have left issue in some degree. Each of these shares was disposed of, and the manner of disposition is uniform as to all of them. Three possible contingencies were

provided for, to wit: one where the brother or sister survived the termination of the life estates, another where he or she did not so survive but had surviving children, and the third where neither the brother or sister nor child of him or her survived, but issue in a more remote degree was living. Any one of these contingencies might arise. Only one of them could. The last named was the last in the order of possibility; and it is that one in the contemplation of which the testatrix made the forbidden provision.

Her provisions in the event of the happening of these contingencies create alternative contingent remainders, or, using another terminology, constitute a limitation with a triple aspect. The legal result is that if the first contingency occurs, the remainder at once vests, and the subsequent alternative provisions become, of no importance. That one which is repugnant to the statute does not come into operation. The same is true of the second. If events result in the happening of the third, a situation will arise which will come under the operation of the statute, and the gift in remainder of the share which the testatrix intended should go to the "issue" of the deceased brother or sister, will fail, and that share become intestate estate of the testatrix. *Thomas* v. *Castle,* 76 Conn. 447, 450 *et seq.,* 56 Atl. 854. Such a result in respect of any one or more shares would not affect in any way the disposition of the remaining shares. Each share forms an independent subject-matter, and the fate of each will depend upon the facts pertinent to its bestowal under the terms of the will.

The Superior Court is advised that the defendant Charles B. Baldwin has a life estate in the property described in clause "Third" of the will; that the limitation over upon his death and that of his father, contained in paragraph three of said clause, is not void;

that it will be effectual to vest each share of the remainder estate, into which such estate is to be divided upon the termination of the life estates, in the donees designated therein, in the event that either the first or second of the contingencies described happens, but inoperative as to such share if the last-named contingency happens; that in the latter event such share will become intestate estate of the testatrix; and that said real estate has not passed absolutely to said Charles A. Baldwin.

No costs in this court will be taxed in favor of any of the parties.

In this opinion the other judges concurred.