CHARLES N. LEE, EXECUTOR, vs. THOMAS G. LEE ET
ALS.

First Judicial District, Hartford, May Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

It is a universally accepted principle that no rule for the construction of
wills shall be permitted to defeat the intention of the testator ex-
pressed in the will itself.
By her will, executed in 1897, a testatrix gave $10,000 to one sister and
$5,000 to another, but both legatees died before her and each left
issue who survived the testatrix. After the death of such sisters the
testatrix made a codicil in which she reiterated and reaffirmed all
the provisions of her will except in so far as they were altered by the
codicil, and then gave $5,000 to each of four nieces, two of whom
were the issue of her deceased sisters. Held that inasmuch as the
issue of each deceased sister would take the legacy given to the
latter (General Statutes, § 296), unless the will was altered in this
particular, and as the testatrix was presumed to know this when she
made her codicil affirming these legacies, it would defeat her ob-
vious intent if such legacies were to be regarded as void upon the
theory that they originated from the date of the codicil and were
therefore made to persons who were then dead.
The fact that a testatrix knew, when she executed a codicil, that certain
legatees named in her will were then dead, is one of the surrounding
circumstances which may be shown by extrinsic evidence; but such
evidence is not admissible to prove that she then believed the
legacies had lapsed and become void by reason of their deaths.
A direction in a will for the division of the residue of the property into
six equal parts, with a bequest of one of such parts to A, of another
to B, a third to C, and so on, does not create a joint tenancy or class
gift with right of survivorship; and therefore the share of one of
such legatees who dies before the testatrix—in this case a son who
left no issue—lapses and becomes intestate estate.

Argued May 7th—decided July 13th, 1914.

SUIT to determine the construction of the will of
Louise M. Lee of Hartford, deceased, brought to and
reserved by the Superior Court in Hartford County,
Holcomb, J., upon an agreed statement of facts, for the
advice of this court.

The reservation presents two questions. The testa-

trix executed a will in December, 1897, by the third clause of which she gave to her sister Sarah R. Guinn $10,000, and to her sister Jerusha A. Winsolow $5,000. Both of these legatees having died, the testatrix, in January, 1908, executed a codicil reaffirming all the provisions of her will except as altered by the codicil, and giving to four nieces $5,000 each. Of these nieces one was the surviving issue of the testatrix's deceased sister Sarah, and one the sole surviving issue of the testatrix's deceased sister Jerusha.

The first question presented by the reservation is whether the legacies to the deceased sisters lapsed, or whether their issue are entitled to take the estate so bequeathed, under our statute for the prevention of lapses (General Statutes, § 296).

The second question arises under the sixth clause of the will, directing the executors to divide the residuary estate into six equal shares, and to pay over one of such shares to each of three children, and to hold one share as trustee for the benefit of each of the three others. Frederick H. Lee, a son, died without issue before the testatrix, and the question is whether the legacy to him lapsed, and if so, whether the residuary estate should be divided into five equal shares, and distributed among the surviving children.

*Reuben Taylor*, for the plaintiff.

*Lewis Sperry*, with whom was *William A. Morse* of Boston, for Louisa L. Daggett *et als.*

*Lewis Sperry*, for Campbell Smidt *et als.*

*E. Henry Hyde*, for Thomas G. Lee *et als.*

BEACH, J. The question whether the legacies to the sisters who died before the testatrix are saved for the

benefit of their issue, by § 296 of the General Statutes, depends primarily on the effect to be given to the execution of the codicil of 1908, as a republication of the will of 1897. The defendants who are residuary legatees, rely upon the rule that the execution of a codicil, which in terms ratifies and confirms a previous will, gives to the original will the same force and effect in law as if it had been rewritten, re-executed, and republished at the date of the codicil. *Giddings* v. *Giddings,* 65 Conn. 149, 160, 32 Atl. 334; *Whiting's Appeal,* 67 Conn. 379, 388, 35 Atl. 268; *Carpenter* v. *Perkins,* 83 Conn. 11, 18, 74 Atl. 1062. Then it is said that as both of the sisters named in the third clause of the will were dead when the codicil was executed, the bequests contained in the third clause are in legal effect gifts to persons already dead at the date of the execution of the will, and therefore legacies which were void when made. The legal conclusion of the argument is that our statute for preventing lapses in certain cases is confined to legacies which lapse by reason of the death of the beneficiary after the execution of the will, and that it does not operate to save a bequest which was void when made, because the beneficiary was already dead when the will was executed.

In the view we take of the case it is unnecessary to determine whether our statute is so limited or not, because this case must be controlled by the universally accepted principle that no rule for the construction of wills shall be permitted to defeat the intention of the testator expressed in the will itself. The first enacting clause of the codicil here in question is as follows: "*First:* I hereby reiterate and reaffirm all the provisions of my said last will and testament, except in so far as the same are altered hereby." That is to say, the testatrix reiterates and reaffirms, as of January 20th, 1908, the third clause of her will making certain bequests to

sisters already dead; obviously intending, so far as her written word is concerned, that such legacies, in common with all other unaltered provisions of her will, should continue in the same legal force and effect as before the codicil was executed. The statute, which the testatrix is presumed to know, had, at the dates of the sisters' deaths, converted their legacies into valid gifts to the issue of such sisters; and it would be a misapplication of the rule contended for to hold that the testatrix, by the very act of reaffirming these gifts, had inadvertently made them utterly ineffectual in law. *Blakeslee* v. *Pardee*, 76 Conn. 263, 267, 56 Atl. 503.

The codicil of 1908 did not convert the bequests contained in the third clause of the will into void legacies. They still remained of the same effect, and therefore still remained operative under the statute as gifts to the issue of the original legatees.

In this connection we are asked to determine whether extrinsic evidence is admissible to prove that the testatrix, when she executed the codicil, knew that her sisters were dead, and also that she then believed the legacies had lapsed and become void by reason of their deaths. We answer that evidence of her knowledge of the sisters' deaths is admissible as one of the circumstances surrounding the execution of the codicil; but that evidence of her belief that the legacies to her sisters had become void is not admissible. Its only importance would be as tending to prove that the testatrix, in executing the codicil, did not intend to make cumulative gifts to the issue of her deceased sisters; extrinsic evidence of such intent is inadmissible. *Bishop* v. *Howarth*, 59 Conn. 455, 22 Atl. 432; *Bryan* v. *Bigelow*, 77 Conn. 604, 614, 60 Atl. 266; *Seymour* v. *Sanford*, 86 Conn. 516, 521, 86 Atl. 7.

The determination of the second question presented by the reservation depends upon whether the sixth

clause of the will creates a gift to a class, with a right of survivorship, or a gift to each of the six children of the testatrix. The decisive words are as follows: "Sixth. I direct my executors hereinafter named to divide all the rest, residue and remainder of my property into six equal shares or parts, and 1. To pay over one of such shares or parts to my son Charles N. Lee. 2. To pay over one other of such shares or parts to my son Frederick H. Lee"; and so each share is to be paid over or held in trust for one separately named child.

It seems too clear for discussion that no joint tenancy or class gift with right of survivorship can be constructed from such language. The question has been so recently before us that it is only necessary to refer to *Allen* v. *Almy*, 87 Conn. 517, 89 Atl. 205, and *White* v. *Smith*, 87 Conn. 663, 89 Atl. 272. It follows that the share of Frederick H. Lee, who died without issue before the testatrix, is intestate estate.

The Superior Court is advised: first, that the issue of Sarah R. Guinn and Jerusha A. Winsolow, respectively, take the legacies given to the testatrix's sisters under the third clause of the will; second, that the portion of the rest, residue and remainder of the estate, given to the testatrix's son Frederick H. Lee, is intestate estate.

In this opinion the other judges concurred.