## HAROLD C. DOTTEN, TRUSTEE, *vs.* GRACE L. GLENNIE ET ALS.

Third Judicial District, New Haven, January Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

A testatrix left one third of the residue of her property in trust for the use and benefit of Catherine, one of her three daughters, and at Catherine's decease "the trust is to be continued for the use and benefit of the children, or said children's heirs, of said Catherine." No disposition of the principal of the trust was made. In a suit by the testamentary trustee to determine the validity and construction of this provision it was *held:*—

1. That the trust for Catherine's life use was good and separable.
2. That the trust for the use and benefit of Catherine's children, if it could be considered separately, would also be valid; but that the continuance of the trust for the benefit of the heirs of any deceased child or children of Catherine was invalid, being in violation of the rule against perpetuities.
3. That it was clearly the intent of the testatrix to have the income of the fund paid simultaneously to the children of her daughter and to the heirs of any deceased child or children *per stirpes*, and thus produce equality among them; and that inasmuch as this intent could not be carried out owing to the rule against perpetuities, equality would be more nearly attained by treating the provision for the children and heirs of deceased children as an indivisible trust,—as the testatrix viewed it—thus making the trust fund intestate estate upon the death of Catherine, and distributable as such by the personal representative of the testatrix.

This court will confine its advice to the construction and effect of a will, in a suit brought for that purpose by a testamentary trustee.

Argued January 22d—decided June 11th, 1919.

SUIT to determine the validity and construction of a clause of the will of Julia A. Holcomb of Bridgeport, deceased, brought to and reserved by the Superior Court in New Haven County, *Curtis, J.*, upon the allegations of the complaint, found to be true, for the advice of this court.

Julia A. Holcomb of Bridgeport died in 1914, leaving

a will by which the residue of her estate was divided into three equal parts, one for each of her three daughters. Two of these received their portions outright, and the share of the third was left in trust "for the use and benefit of my daughter, Catherine A. Dotten, and at the decease of my said daughter Catherine, the trust to be continued for the use and benefit of the children, or said children's heirs, of said Catherine." Mrs. Dotten had but four children, all of whom were living when she died in 1917. Four grandchildren of Mrs. Dotten are living. No disposition was made by the will of the principal of the trust fund. The questions on which the advice of this court is asked are:—

"1. Whether or not the grandchildren of Catherine A. Dotten have any interest under the said will in the continuance of the said trust?

"2. What interest, if any, is given by said will to the grandchildren of Catherine A. Dotten?

"3. Whether or not all interests in the fund held by the said trustee have merged in the children of Catherine A. Dotten?

"4. Whether or not the said trust is or should be terminated and the fund divided among the children of Catherine A. Dotten absolutely?"

*David W. Price,* for the plaintiff.

*William B. Boardman,* for the defendants Grace L. Glennie *et al.*

*Samuel F. Beardsley,* for the defendants John H. Griffith *et al.*

BEACH, J. The will makes no disposition of the *corpus* of the trust fund, and the question is how far the trust may be carried out without violating the rule against perpetuities.

The trust for Mrs. Dotten's life use was good and separable. Considered by itself the trust for the use and benefit of Mrs. Dotten's children is also good, but the continuance of the trust for the benefit of the heirs of the grandchildren of the testatrix is bad. If the trust "for the use and benefit of the children, or said children's heirs, of said Catherine," could be treated as two separate trusts without doing violence to the expressed intent of the testatrix, the trust for the use and benefit of the children ought to be held valid, in order to carry out the express intent of the testatrix as far as that might lawfully be done. But it is clear from the language of the testatrix that she intended the trust for the use and benefit of the children, and the trust for the heirs of deceased, to operate simultaneously and so as to produce equality of distribution among the children and the heirs of deceased children *per stirpes*.

This being impossible under the rule against perpetuities, we think it would violate rather than carry out the express intent of the testatrix to exclude, as we must, the heirs of any deceased child from the use and benefit of the trust, and at the same time continue the trust for the use and benefit of the surviving children. The result would be that on the death of any child, his or her share would go to the surviving children until the entire income was appropriated to the last survivor, to the exclusion of the representatives of the other children. Such a result would pervert the express intent of the testatrix. Under the will the trust for children or said children's heirs is an indivisible trust, and being void in one part is wholly void.

On the death of Mrs. Dotten the trust fund became intestate estate of Mrs. Holcomb, and on the face of the will is to turned over to the executor or administrator *de bonis non* of Julia A. Holcomb to be administered and distributed as her intestate estate.

Counsel for the children of Mrs. Dotten suggests that because all the other heirs at law of Julia A. Holcomb have assigned all their right, title and interest in and to the trust fund to such children, the latter are now entitled to the principal as well as the income of the trust fund. But this is an action brought by the trustee for the construction of the will, and our advice must be limited to the construction and effect of the will.

The Superior Court is advised, in answer to the first and second questions, that the grandchildren of Mrs. Dotten have no interest in the continuance of the trust, and no interest at all arising out of the will of Julia A. Holcomb in the trust fund,—a conclusion which answers the third question in the negative; and that with respect to the fourth question, the trust terminated at the death of Mrs. Dotten, and the trust fund is intestate estate of Mrs. Holcomb.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.