GEORGE A. COMSTOCK, ADMINISTRATOR, vs. THE
BRIDGEPORT TRUST COMPANY.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND AVERY, JS.

The term "issue" in a will, unless it appears from the context or the
circumstances surrounding the testator to have been otherwise
used, will be construed as a word of purchase and not of limita-
tion, and, thus used, its primary and presumptive meaning is
that of heirs of the body, including descendants in every degree;
but where the context or surrounding circumstances disclose the
testator's intent to use the term in its more restricted meaning,
it will be construed to be synonymous with children or grand-
children.

The testatrix died in 1883, leaving the life use of a portion of her
estate to her daughter, "and upon her decease, the same to go
and vest absolutely in her lawful issue, or, in default of such
issue then surviving, then to go to my husband and his heirs
forever." Held:

1. That, in the absence of any indication of an intent to limit the
meaning of "issue," it must be construed to include descendants
in every degree; and that, so construed, the attempted re-
mainder to such issue was void under the statute of perpetuities
in force at the death of the testatrix.

2. That the invalidity of the remainder did not affect the daughter's
life use.

3. That the alternate remainder to the husband came into effect
and vested upon the death of the testatrix; and that upon his
death, intestate, in 1911, leaving as his only heir at law the
daughter who was then in enjoyment of the life use, the two
estates merged as an estate absolute in her.

Argued June 14th—decided July 25th, 1927.

ACTION for a declaratory judgment settling the con-
struction of the will of Susan V. St. John, late of
Norwalk, deceased, brought to the Superior Court in
Fairfield County and reserved by the court (*Dickenson,
J.*), upon an agreed statement of facts, for the advice
of this court.

Susan V. St. John, a resident of Norwalk, died July 22d, 1883, leaving a will dated July 19th, 1883, which was duly admitted to probate in the Court of Probate for the district of Norwalk. The part of the will material to this case is as follows: "First. To my daughter, Susan V. St. John, I give the use of my homestead in Norwalk, now occupied by me, together with the use of all my horses, carriages, harnesses, tools, farming implements, furniture, books, pictures, plate, and household effects in and upon said homestead, for and during her natural life, and upon her decease the same to go to and vest absolutely in her lawful issue, or, in default of such issue then surviving, then to go to my husband Charles E. St. John and his heirs forever."

The second paragraph of the will is a general residuary clause to the husband, and in the third and last paragraph he was appointed executor of her estate.

Susan V. St. John left as her next of kin and only heirs at law, a daughter, Susan V. St. John, born February 2d, 1874, and a husband, Charles E. St. John. The will was duly probated October 10th, 1883. The estate consisted of both real and personal property. On June 24th, 1904, a part of the real estate having been sold by order of the Superior Court in Fairfield County, in a partition suit, the sum of $1,647.02, being a part of the avails of the sale, was, by that court, set aside in trust for the unborn issue of the daughter, Susan V. St. John, then a single woman. This sum, at the present time, amounts to about $4,000. The defendant, The Bridgeport Trust Company, was by that court appointed trustee of this fund and thereafter duly qualified and has ever since been acting as trustee.

The daughter, Susan V. St. John, married George A. Comstock on June 15th, 1904; she has no child and is now and always will be incapable of having any. The

husband of the testatrix, Charles E. St. John, a resident of Norwalk, died intestate December 2d, 1911, leaving as his only heir and next of kin his daughter Susan V. (St. John) Comstock. On December 21st, 1926, the plaintiff, George A. Comstock, was by the Court of Probate for the district of Norwalk, appointed administrator of the estate of Charles E. St. John, duly qualified, and has ever since and is now acting as such administrator.

The questions upon which the advice of this court is desired are as follows: "(a) Are the words 'lawful issue' and 'such issue' as used in the will repugnant to the statute against perpetuities which was in full force at the death of the testatrix in July, 1883? (b) If so, is the life tenant entitled to the entire estate as the only heir of her father, now deceased, intestate? (c) If not, it being a proven fact that the life tenant has not and cannot have a child, and the father being now deceased leaving the life tenant as his only heir, is the life tenant entitled to the entire estate? (d) In the event that the life tenant, Susan V. St. John Comstock, does not take said estate under either of the two theories heretofore suggested, who is entitled to the same upon her decease without descendants? (e) Did Charles E. St. John, at the death of the testatrix, take a vested interest in the residuary estate subject to its being defeated by the birth of children to his daughter and their surviving heir? (f) Did the testatrix intend to provide only for the contingency of the death of the daughter prior to her father?"

*Milton C. Isbell,* for the plaintiff.

*Clifford S. Weidlich,* for the defendant The Bridgeport Trust Company.

*Lorin W. Willis,* for the unborn issue of Susan V. St. John Comstock.

AVERY, J. The solution of the questions propounded upon this reservation depends upon the construction of the first paragraph of the will, by which the testatrix purports to give to her daughter the use of her homestead in Norwalk for and during her natural life and upon her decease, the same to go to and vest absolutely in the "lawful issue" of the daughter or, in default of "such issue" then surviving, then to go to her husband, Charles E. St. John and his heirs forever. The words "lawful issue" and "such issue" occurring in this paragraph occur nowhere else in the will and there is nothing either in the will or in the surrounding circumstances to indicate that the testatrix used the word "issue" in any other than its primary meaning. Recently, in the case of *Middletown Trust Co.* v. *Gaffey,* 96 Conn. 61, 66, 112 Atl. 689, we said: "The term 'issue,' in a will, is to be construed as a word of purchase, unless it appears from the context and surrounding circumstances to have been used as one of limitation. Its primary, and therefore presumptive, meaning, when used as a word of purchase, is heirs of the body, and includes descendants in every degree. But when the intention of the testator, as evinced by the context and surrounding circumstances, indicates that he used the word 'issue,' not in its larger significance, but in its more restrictive sense, it will be construed so as to effectuate the testator's intent and to be synonymous with children or grandchildren." In *Leake* v. *Watson,* 60 Conn. 498, 508, 21 Atl. 1075, we said: "One of the fundamental rules in the construction of wills is that a testator is always presumed to use the words in which he expresses himself according to their strict and primary accepta-

tion, unless from the context of the will it appears that he has used them in a different sense." In the present case, we cannot discover from the will or the surrounding circumstances any intent to limit the term "issue" and therefore it must be held to include descendants in every degree. The attempted remainder to the issue of Susan V. St. John is therefore void as against the statute of perpetuities in force at the death of the testatrix, *Leake* v. *Watson,* 60 Conn. 498, 512, 21 Atl. 1075; and this attempted remainder has no more effect than if it had not been written. *Cody* v. *Staples,* 80 Conn. 82, 85, 67 Atl. 1.

The life use of the property to Susan V. St. John is separable from the invalid remainder to her issue and is not affected thereby. *Sumner* v. *Westcott,* 86 Conn. 217, 220, 84 Atl. 921; Gray, The Rule Against Perpetuities (2d Ed.) § 247; *Andrews* v. *Rice,* 53 Conn. 566, 573, 5 Atl. 823; *Beers* v. *Narramore,* 61 Conn. 13, 21, 22 Atl. 10, 61.

The attempted remainder to the issue of Susan V. St. John being invalid, the alternate remainder to the husband of the testatrix, Charles E. St. John, came into effect and vested at the death of the testatrix. *Thomas* v. *Castle,* 76 Conn. 447, 451, 56 Atl. 854; *Hennessy* v. *Patterson,* 85 N.Y. 91, 99; 2 Washburn on Real Property (5th Ed.) 625. Charles E. St. John, the remainderman, having died December 2d, 1911, leaving as his only heir and next of kin his daughter, Susan V. St. John, the life tenant, it results that the life estate and remainder having met in the same person, without any intermediate estate, have merged and that the entire estate has devolved upon Susan V. St. John. *Harrison* v. *Moore,* 64 Conn. 344, 349, 30 Atl. 55; *Shelton* v. *Hadlock,* 62 Conn. 143, 155, 25 Atl. 483.

This disposes of the entire matter and it is not nec-

Martoni *v.* Massachusetts Fire & Marine Ins. Co.

essary or profitable to discuss the other questions reserved.

The Superior Court is advised that the questions upon which the advice of this court is desired are answered as follows: Questions (a) and (b) Yes.

No costs will be taxed in this court in favor of any of the parties.

In this opinion the other judges concurred.