### THE CONGREGATIONAL HOME MISSIONARY SOCIETY ET ALS. *v.* THE THAMES BANK & TRUST COMPANY OF NORWICH, TRUSTEE (ESTATE OF HENRY B. NORTON) ET ALS.

MALTBIE, C. J., HINMAN, AVERY, JENNINGS and DICKENSON, Js.

(1)

2

Argued March 8—decided May 6, 1940.

*Charles M. Lyman,* with whom was *Edward G. Moran,* for the appellants (defendants George R. Fellows et als., executors, et als.).

*Henry H. Pettis,* for the appellants (defendants The Continental Bank & Trust Company et al.) and as amicus curiae.

*Lee R. Robbins,* for the appellee (plaintiff), with whom was *Arthur F. Libby,* amicus curiae.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* appeared for the named defendant.

MALTBIE, C. J. These are appeals from a judgment of the Superior Court which vacated an order of distribution made by the Court of Probate for the district of Norwich under the will of Henry B. Norton, and which directed a distribution of a certain portion of the estate in a manner different from that decreed by the Court of Probate. Henry B. Norton died in 1891, leaving a will, executed in 1884, with two codicils made respectively in 1887 and 1889. In the will he first gave to his wife for her life the homestead he had occupied and to her, absolutely, its furnishings and accessories. He then gave "all the rest and residue of my estate of every kind" to a trustee, the income to be distributed among his wife, so long as she lived, his four daughters or their issue, and others, and the principal to be distributed at the death of the last survivor of his daughters among their issue, but if there were no such issue, then among certain persons and institutions; and he made a final provision directing that "all the rest and residue" of his estate should be divided among four charitable organizations. In the first codicil, his wife having died, he gave the homestead to his daughters until the death of the last survivor and also gave them the personal property he had originally bequeathed to his wife, and, as the gift of income to his wife had lapsed by her death, he directed that the whole net income from "the remainder" of the estate should be disposed of as directed in the will. In the second codicil he made certain changes in the provisions for the distribution of the principal in the event that there were no surviving issue of his daughters at the death of the longest living; he ratified and confirmed all the "particular legacies" in his will except

as they were altered or revoked by the codicils; he made a further provision for the payment of a certain sum to a charitable organization; and then, reciting that in his will he had directed "the rest and residue of his estate" to be divided among the four charitable organizations therein named, he revoked that provision and directed that "the rest, residue and remainder" be divided among five charitable organizations. The testator's wife and daughters having all died, the trust for their lives has terminated and the estate is ready for final distribution. The issues arising upon the appeal involve one paragraph of the will and two in the second codicil, which are quoted in the footnote.[1]

We shall first consider the paragraph quoted from

[1] To Sarah Opdike Mabbatt, Elizabeth Rogers Mabbatt, Emily Blackstone Mabbatt, and Josephine Hartshorne Mabbatt, I direct to be paid the sum of Ten Thousand Dollars each, and if either shall die before the termination of said trust not leaving any surviving issue then the sum herein bequeathed to her shall be equally divided between the survivors of them and the issue of any who may have deceased, such issue to take by right of representation, but if either shall die leaving issue surviving at the time of such distribution, then such issue shall take the same.

Second. In lieu of the sum of Ten Thousand Dollars directed to be paid to Angelina P. Fuller and of Fifteen Thousand Dollars each directed to be paid to Henry A. Norton and William A. Norton, I direct to be then paid to the said Angelina P. Fuller, Henry A. Norton and William A. Norton, the sum of Twenty Five Thousand Dollars each, and in case of the death of either of them before the termination of the said trust not leaving any surviving issue, then the sum bequeathed to that one so dying shall be equally divided between the survivors of them and the issue of any of them who may have deceased, such issue to take by right of representation, but if either shall die leaving issue surviving at the time of such distribution then such issue shall take the same.

Third. In lieu of the sum of Ten Thousand Dollars directed to be paid to said Calvin Frisbie, I direct then to be paid to said Calvin Frisbie, the sum of Twenty-five Thousand Dollars, and in case of his death before the termination of the said trust leaving issue, the same to go to such issue.

the will. Of the persons named in it, two died before the termination of the trust, each leaving children, and the other two are now living. The initial question presented is whether the children of the two deceased legatees named in it can take under the will as "issue" of their mothers. It is claimed that the testator used the word "issue" in this paragraph as meaning children. Counsel contend that at the time the will was executed the word issue was generally regarded in its primary significance as synonymous with children. This contention is, however, unsound. Before the execution of the will, "issue" had the accepted primary meaning of descendants generally. *Price* v. *Sisson* (1860) 13 N. J. Eq. 168, 177; 2 Jarman, Wills (Ed. 1855) 25; 1 Bouvier, Law Dictionary (Ed. 1848) 730; 2 Burrill, Law Dictionary (Ed. 1871) 98. Reading the will as a whole, there can be no reasonable doubt but that the testator intended by the word "issue," not children, but lineal descendants of every degree. Not only in this paragraph, but in other provisions, it is clear that he was thinking of such descendants not as children of the beneficiaries named, but as representatives of family stocks. For example, in one of the principal provisions of the will, he directed the distribution of income to his daughters and if any of them died leaving issue, then to such issue; and to hold that the testator intended issue to mean children in this provision would be to ascribe to him the conscious purpose to disinherit grandchildren of a daughter where they survived the termination of the trust but the daughter had died before that time. There is also significance in the fact that in two instances the testator did, in the will, use the word "children," thus indicating that the words "children" and "issue" were not synonymous in his mind. In the first instance the testator described two legatees he named as the children of a deceased daugh-

ter. In the other he made a gift of a portion of the principal at the expiration of the trust to Calvin Frisbie "and to any children of his who may survive him"; this is significant in view of the fact that when the will was made Calvin Frisbie did have living children; and while it is true that in the second codicil he changed the phraseology of this gift to read to Calvin Frisbie "and in case of his death before the termination of the trust leaving issue, the same to go to such issue," this finds a ready explanation in that it would make this paragraph harmonious with all the others in the will and codicils where he made any provision for the descendants of named legatees.

When the testator died, the Statute against Perpetuities, quoted in the footnote,[1] was in force. In *Leake* v. *Watson*, 60 Conn. 498, 21 Atl. 1075, we construed the words "immediate issue or descendants" as used in it to mean children, and not grandchildren or other remote descendants. It is true that the provision in the will before the court in that case was not a gift to "issue" but one to the "heirs" of the testator's daughters. However, as the court pointed out (page 508), the question whether or not that gift was valid necessarily depended upon the meaning to be given the words "immediate issue or descendants" in the statute and the construction it placed upon those words was directly involved in the decision. Since it was made, we have, in a long series of decisions, held that a gift to the "issue" of a person in being, unless the circumstances disclose that the testator used that word in other than its primary meaning of descendants of any

[1] No estate in fee simple, fee tail or any less estate, shall be given by deed or will to any persons but such as are, at the time of the delivery of such deed or death of the testator, in being, or to their immediate issue or descendants; and every estate given in fee tail shall be an absolute estate in fee simple in the issue of the first donee in tail.

degree, is invalid under the statute. *White* v. *Allen,* 76 Conn. 185, 189, 56 Atl. 519; *Thomas* v. *Castle,* Id., 447, 56 Atl. 854; *Bartlett* v. *Sears,* 81 Conn. 34, 41, 70 Atl. 33; *Perry* v. *Bulkley,* 82 Conn. 158, 165, 72 Atl. 1014; *Pease* v. *Cornell,* 84 Conn. 391, 395, 80 Atl. 86; *Sumner* v. *Westcott,* 86 Conn. 217, 222, 84 Atl. 921; *Wallace* v. *Wallace,* 103 Conn. 122, 134, 130 Atl. 116; *Comstock* v. *Bridgeport Trust Co.,* 106 Conn. 514, 518, 138 Atl. 440; *Warren* v. *Duval,* 124 Conn. 448, 452, 200 Atl. 804; *Thames Bank & Trust Co.* v. *Adams,* 125 Conn. 656, 660, 7 Atl. (2d) 836. In some twenty other decisions involving gifts to "heirs," "legal representatives" and the like, we have followed the construction placed upon the statute in *Leake* v. *Watson* and held them invalid. In *Tingier* v. *Chamberlin,* 71 Conn. 466, 42 Atl. 718, Hamersley, J., filed a vigorous dissent from that construction, but the court adhered to it.

Notwithstanding this overwhelming weight of precedents, counsel for certain of the parties before us ask that we now hold that a gift to the "issue" of a person in being was not in violation of the statute. Most of the reasons advanced in support of this contention are answered in the opinion in *Leake* v. *Watson* or were advanced in the dissenting opinion of Hamersley, J., to which we have referred, and in the main require no comment. As we recently noted in *Warren* v. *Duval,* supra, 453, when *Leake* v. *Watson,* supra, was decided the statute was not generally understood to have the meaning then given to it. However, it by no means follows that there was, previous to that decision, any universal understanding on the part of the bar that such a gift as the one before us would be valid under the statute. Certainly that does not follow from the fact that in the forty-five years since the statute was repealed, provisions in some thirty wills, executed be-

fore that repeal, have been held invalid, particularly as there is no means of knowing how many wills were drawn under the conception of the statute stated in *Leake* v. *Watson* and took effect without question. How little force there is in the assumption of counsel that the judges who decided *Leake* v. *Watson* were unfamiliar with the current of professional opinion in regard to the statute becomes apparent if one but reads the obituary notices of those judges found in the appendices to the Connecticut Reports.

As indicating that the decision in *Leake* v. *Watson* was incorrect, counsel call attention to two other statutory provisions. One is a rephrasing of the concluding portion of the Statute against Perpetuities now found in § 5001 of the General Statutes, and provides that "each estate, given in fee tail, shall be an absolute estate in fee simple to the issue of the first donee in tail." The use in the original statute of the word "issue" without qualification, in itself indicates that the Legislature did not mean that the scope of this provision should be the same as that included in the words "immediate issue or descendants" in the preceding portion, and in *Thames Bank & Trust Co.* v. *Adams,* 125 Conn. 656, 661, 7 Atl. (2d) 836, we pointed out that the concluding portion of the original statute created an exception as regards the preceding provision. The other statute to which counsel refer, enacted in 1821 and now § 4879 of the General Statutes, provides that when a devisee or legatee, being a child, grandchild, brother or sister of the testator, shall die before him, and no provision shall have been made in the will for such contingency, the issue of such devisee or legatee shall take the estate so devised. We have never had occasion to apply this statute as regards the will of a testator dying before the repeal of the Statute against Perpetuities. See *Ritch* v. *Talbot,*

74 Conn. 137, 144, 50 Atl. 42; *Seery* v. *Fitzpatrick*, 79 Conn. 562, 65 Atl. 964; *Birge* v. *Nucomb*, 93 Conn. 69, 76, 105 Atl. 335; *Clifford* v. *Cronin*, 97 Conn. 434, 437, 117 Atl. 489; *Lee* v. *Lee*, 88 Conn. 404, 91 Atl. 269. In analogy to the construction placed upon § 5001 of the General Statutes in *Thames Bank & Trust Co.* v. *Adams*, supra, and to that placed upon the statute, now § 5002, in *Leake* v. *Watson*, supra, 511, we would probably hold that § 4879, to some extent at least, also created an exception to the provision of the Statute against Perpetuities voiding all gifts not made to the "immediate issue or descendants" of a person in being. It may be added that under the rule against perpetuities now in force in this state, no such questions as those we have been considering could arise with regard to these statutes, as even remote issue would necessarily take at the death of the testator or of a person in being at the time of his death, and the provision for this would not be contrary to that rule.

The repeal of our Statute against Perpetuities did not have the effect of validating provisions in the wills of testators who died before that repeal which were void under its terms. *Tingier* v. *Chamberlin*, 71 Conn. 466, 468, 42 Atl. 718; *Blakeman* v. *Sears*, 74 Conn. 516, 519, 51 Atl. 517; *Cody* v. *Staples*, 80 Conn. 82, 85, 67 Atl. 1. This was the necessary basis upon which all the cases arising under the statute since its repeal have been decided.

The gift to the surviving issue of any of the legatees named in the paragraph under consideration who died before the termination of the trust is, therefore, void. The question then arises as to the effect this produces as regards the provision for an alternative gift to the surviving legatees. The two legatees who died before the termination of the trust left children; hence the condition upon which the will states that the survivors

shall take, has not in fact been met. We have adopted in this state the rule that where a testator creates alternative remainders and one, though it be earlier in point of succession, is void because it would constitute a perpetuity, this will not necessarily invalidate the other. *Comstock* v. *Bridgeport Trust Co.,* 106 Conn. 514, 518, 138 Atl. 440; *Brooks Bank & Trust Co.* v. *Beers,* 120 Conn. 477, 480, 181 Atl. 391. Gray, in his work on Perpetuities (3d Ed.) § 252 et seq., states that the rule in England is to the contrary, as does Simes in his work on Future Interests (Vol. 2) § 532, but both criticize the English rule as unsound. As Gray points out, to hold that an alternative gift, valid in itself, is rendered void because the gift for which the testator in terms substitutes it is a prepetuity, would in many cases defeat the purpose which it is fairly to be presumed the testator had. It is a sound policy to support the will of a testator even in the face of a partial invalidity so far as this may be done without running counter to a clear intent expressed in the will or destroying the testamentary scheme it discloses.

A separable provision will be given effect even though another provision is void as a perpetuity. *Bartlett* v. *Sears,* 81 Conn. 34, 47, 70 Atl. 33. A valid trust will be upheld even though it be followed by an invalid gift over. *Andrews* v. *Rice,* 53 Conn. 566, 573, 22 Atl. 681; *Beers* v. *Narramore,* 61 Conn. 13, 21, 22 Atl. 1061; *Russell* v. *Hartley,* 83 Conn. 654, 659, 78 Atl. 320; *Dotten* v. *Glennie,* 93 Conn. 472, 474, 106 Atl. 824; *Comstock* v. *Bridgeport Trust Co.,* supra. In *Loomer* v. *Loomer,* 76 Conn. 522, 527, 57 Atl. 167, we held that a trust might continue until such time as an invalid provision in the will would have become effective, though that was a shorter period than the testator specified. If a preceding gift is complete in itself, it will not necessarily be destroyed because the

will provides that in a certain contingency there shall be a substitutionary gift which cannot stand. Thus where the testator gave property at the expiration of life uses to a named beneficiary "absolutely" but further provided that if he should die before the expiration of the life uses, it should go to his legal heirs at law, the invalidity of the latter provision did not affect the gift to the named beneficiary. *Cody* v. *Staples,* 80 Conn. 82, 85, 67 Atl. 1. Where, at the expiration of a trust for his daughter, the testator directed the trustee "to pay to each of the children of such deceased daughter an equal portion of her share . . . , the lineal descendants of any deceased child to take the part of such share as their parent would have taken if alive," the invalidity of the latter provision did not prevent the children of a daughter receiving the property. *Eaton* v. *Eaton,* 88 Conn. 269, 277, 91 Atl. 191. See also *Farnam* v. *Farnam,* 83 Conn. 369, 384, 77 Atl. 70 (see s. c. 53 Conn. 261, 263, 2 Atl. 325). We have sustained gifts in accordance with the dominant purpose of the testator, even though some incident he specifies for the fulfilment of that purpose may not be given effect. *Colonial Trust Co.* v. *Brown,* 105 Conn. 261, 283, 135 Atl. 555; *Wilson* v. *D'Atro,* 109 Conn. 563, 569, 145 Atl. 161. Where, however, the effect of the invalidity of one provision is to destroy a clearly disclosed testamentary scheme if the remainder of the will be given effect, other portions of the will which are dependent upon the void provision must likewise fall. *White* v. *Allen,* 76 Conn. 185, 190, 56 Atl. 519; *Lepard* v. *Clapp,* 80 Conn. 29, 36, 66 Atl. 780; *Dotten* v. *Glennie,* supra.

The paragraph of the will in question did not create a single fund of $40,000 to be distributed in accordance with its terms, but it provided four separate gifts of $10,000, one of which was made to each of the legatees.

No claim is made that the gifts of $10,000 to the two legatees named in the paragraph who survived the termination of the trust, were invalid. That conclusion follows from the rule we have stated, that where a gift complete in itself is valid, the invalidity of a gift over will not destroy the prior gift. *Sumner* v. *Westcott,* 86 Conn. 218, 222, 84 Atl. 921. In such a situation the testamentary scheme is affected no more than it almost necessarily must be where any provision of a will is held invalid. *Andrews* v. *Rice,* 53 Conn 566, 574, 5 Atl. 823. The children of the two legatees who died before the termination of the trust cannot take under the will. To treat the provision that the "issue" of the legatee should take "as if it were not written" (*Cody* v. *Staples,* supra, 85) and hold that these gifts vested in the legatees who survived would be to run directly counter to the testator's scheme for equality among the family stocks. If the gift over on the death of each of the legatees who died be disregarded, the gifts to these legatees would be effectual to vest in each at the death of the testator a right to receive the money at the termination of the trust, which upon her death would pass to her estate. *Carpenter* v. *Perkins,* 83 Conn. 11, 16, 74 Atl. 1062; *Mahoney* v. *Mahoney,* 98 Conn. 525, 533, 120 Atl. 342; *Mead* v. *Close,* 115 Conn. 443, 445, 161 Atl. 799. Under the principle that where a gift is complete in itself, it will be given effect though a gift over be void as a perpetuity, the gifts to these legatees are effectual to entitle the representatives of their estates to receive the money. *Eaton* v. *Eaton,* supra. While their children cannot take under the will, they may share in the subject-matter of the gift through those estates. This will not run counter, but as nearly as may be give effect, to the intent of the testator.

The discussion of the meaning and effect of the par-

agraph in the will applies to the second paragraph quoted in the footnote. Two of the named legatees in this paragraph died before the termination of the trust, the first without issue and the second leaving children. To hold that the legacy to the one who died without issue vested in his estate or that any part of it vested in the legatee who survived would run counter to the testator's intent that these gifts should go to the family stocks of the named beneficiaries in such a way as to create equality among them, and that gift must be held invalid. The right to receive the gift to the legatee who died leaving children vested in him at the death of the testator, and passed to his estate at his death. The gift to the legatee who survived the termination of the trust is valid.

As regards the provisions of the third paragraph quoted in the footnote, it appears that Calvin Frisbie died before the termination of the trust leaving two children and more remote descendants. The gift over to his "issue" in the event that he died before that time was invalid under the Statute against Perpetuities. His right to receive the gift at the termination of the trust vested in him at once at the death of the testator, although if the gift over were valid his right would be subject to defeasance if he died before that time leaving issue. In accordance with the rules we have already stated, the right to receive the money passed to his estate upon his death.

When, after giving to his wife his homestead and its furnishings and accessories, the testator placed "all the rest and residue of my estate of every kind" in a trust he established, with its provisions for the distribution of the principal at the death of the longest surviving of his daughters, followed as it was by the particular gifts which made up the bulk of his will, he was not using the words quoted as intending that

the whole should constitute the residue of his estate in the sense that he meant it to make a catchall for all property not otherwise validly disposed of, but that intention finds expression in the concluding paragraph of the dispositive portion of the will when he directed that "all the rest and residue of my estate" should be divided among certain charitable organizations. *Warren* v. *Duval*, 124 Conn. 448, 459, 200 Atl. 804. If there were any doubt about this, it is resolved by the provisions of the second codicil. He therein refers to the gifts made at the expiration of the trust as "particular legacies and bequests," and he recites that "Whereas, by my said Will, I directed that the rest and residue of my estate be divided" among four charitable institutions, "I do now revoke the said provision, and direct that the rest, residue and remainder of my estate be divided" among five such institutions. Void legacies should be distributed among the five charitable organizations named in the seventh article of the second codicil.

The trial court was in error in decreeing that the gifts to the two legatees named in the paragraph of the will quoted in the footnote who died before the termination of the trust, the gift to the legatees named in the second paragraph quoted in the footnote who died before that time leaving children, and the gift to Calvin Frisbie, should be distributed as a part of the residue of the estate; each of these gifts vested in the estate of the legatee so dying and should be distributed to the representative of his or her estate. It was also in error in decreeing that one-half of the gift to the legatee named in the second paragraph who died before the termination of the trust without issue should be distributed to the surviving legatee named in that paragraph; the entire sum given to the legatee dying

before the termination of the trust should be distributed as a part of the residue.

There is no error upon the appeal of the Continental Bank and Trust Company et al.; there is error upon the appeal of George R. Fellows et als., the judgment is set aside and the case remanded with direction to enter judgment in accordance with this opinion.

In this opinion the other judges concurred.